THE HOUSTON AND TEXAS CENTRAL RAILWAY CO. v. JAMES RYAN.

CHANGE OF VENUE—DISQUALIFICATION OF JUDGE.—That "the presiding judge had heretofore, as counsel, given an opinion in regard to the validity of the title to the land in controversy," is not equivalent to "where he shall have been of counsel in the case," (Const. of 1869, Art. V, sec. 11,) and is not a ground of disqualification, and an order for change of venue for such reason is not legal, and when objected to, is a cause of reversal.

ERROR from Fort Bend. Tried below before the Hon. Livingston Lindsay.

*Goldthwaite & Turner*, for plaintiff in error.

*W. P. & E. P. Hamblin*, for defendant in error.

REEVES, ASSOCIATE JUSTICE.—This suit was brought by the defendant in error in the District Court of Harris county, to recover two lots of ground in the city of Houston.

The plaintiff in error appeared by attorney, and after excepting, denied the allegations in the petition, and pleaded not guilty and the statute of limitations of three, five, and ten years.

At the March Term, 1874, of the court the following order was made, changing the venue to Fort Bend county:

"This day this cause coming on to be heard, and the parties appearing by attorney, announced ready for trial, and the pleadings having been read, and it appearing that the presiding judge had heretofore, as counsel, given an opinion in regard to the validity of the title to the land in controversy, recuses for cause, and on motion of plaintiff, it is ordered and decreed that the venue of this cause be changed to the county of Fort Bend, and that the clerk of this court transmit to the clerk of the District Court of Fort Bend county all the original papers in this cause and a transcript of all the orders entered therein."

After the cause was transmitted to the county of Fort Bend, the plaintiff in error, by attorney, appeared, and excepted to the jurisdiction of the court, because the cause of action accrued to the defendant in error in the county of Harris, and not in the county of Fort Bend.

2. Because it appears from the record of said cause that the judge of the District Court in and for said county of Harris was in no manner disqualified from sitting as judge in said cause.

3. Because it does not appear from the records that the

said judge of the District Court of the said county of Harris was disqualified to sit as judge in said cause.

4. Because the change of venue in this cause is illegal, irregular, and void, without any authority of law, as appears by the records, all of which it is ready to verify.

The plea to the jurisdiction of the court was overruled, and a jury being waived, the court gave judgment for the defendant in error for the lots sued for. To reverse this judgment, the Houston and Texas Central Railway Company have prosecuted this writ of error.

Several grounds of error are assigned for the reversal of the judgment, but counsel have presented for consideration but one question, to wit, had the District Court of Fort Bend county jurisdiction of the case?

The Constitution provides that "no judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him by affinity or consanguinity within such degrees as may be prescribed by law, or where he shall have been of counsel in the case." (Art. 5, sec. 11.) The same section directs the mode of proceeding when a judge of the District Court is thus disqualified. It provides that "the parties may by consent appoint a proper person to try the case, and upon their failing to do so the case shall be transferred for trial to the county in the adjoining district whose county seat is nearest to that of the county where the case is pending.

"District judges may exchange districts or hold courts for each other when they may deem it expedient, and shall do so when required by law. And when the district judge is disqualified to try any case or cases within his district, the Governor of the State, on such facts being certified to him, may appoint some person learned in the law to try such case or cases, who shall receive such compensation as may be given by law."

Prior to the adoption of the Constitution of 1845 a judge of the District Court was not incompetent to sit in a case in

which he had been of counsel, unless he was disqualified by having an interest in the case, as where he was to receive a part of the judgment as a fee; having been of counsel only, the judge was not for that reason disqualified to try the case. (Chambers v. Hodges, 23 Tex., 104.)

Both the Constitution of 1845 and that of 1869 prohibit a judge from sitting in a case where he had been of counsel in the case. Interest, affinity, or consanguinity of the parties within such degrees as may be prescribed by law are also made grounds of disqualification under both Constitutions. The point of divergence from the Constitution of 1845 is found in the provision made by the Constitution of 1869 for the transfer of the case for trial to another county when the judge is disqualified and the parties fail to appoint a proper person to try the case, and the further provision that the Governor of the State may appoint some suitable person learned in the law to try such case when the judge is disqualified, on the facts being certified to him.

These provisions are not found in the Constitution of 1845. By the Constitution of 1845, when the judges of the District Courts were thus disqualified, the parties might by consent appoint a proper person to try the case, and the judges might exchange districts or hold courts for each other when they deemed it expedient, and were required to do so when directed by law.

The act of February 13, 1854, on the same subject, provides for a change of venue when the judge is disqualified from trying a case, and when the parties fail to appoint a judge by consent, and directs that the venue may be changed on the motion of any party, or his attorney, interested in the cause. The Constitution specifies the grounds for a change of venue, but does not direct how it shall be done.

The venue in this case was changed on the motion of the plaintiff in the District Court. The recital in the order for the change of the venue, that it appeared that the presiding judge had heretofore, as counsel, given an opinion in regard

to the validity of the title to the land in controversy, was not a ground, as specified in the Constitution, that disqualified the judge from trying the case. The opinion of the judge may have been given in some other case in regard to the title. It is not stated that it was given in the case before the court. The reason assigned for the change of the venue failed to bring the application within the provision of the Constitution, that the judge shall not sit where he has been of counsel in the case. This language is clear and express. Nothing is left to intendment or presumption. (Taylor *v.* Williams, 26 Tex., 583.)

It is not necessary in this case to decide whether or not it should have appeared that the parties had failed to appoint a judge by consent to try the case before the venue could be changed. What we decide is, that the District Court of Fort Bend county was without jurisdiction to try the case, as appears from the record, and that the exceptions of the plaintiff in error to the jurisdiction of the court should have been sustained. The judgment is therefore reversed, and case remanded to the District Court of Fort Bend county for further action in accordance with this opinion.

REVERSED AND REMANDED.