STATE, EX REL. THE IRRIGATORS BANK, V. EDWIN J. WHIPPLE, TREASURER OF SCOTT'S BLUFF COUNTY, NEBRASKA.

FILED OCTOBER 18, 1900. No. 11,491.

1. **Peremptory Writ of Mandamus.** A peremptory writ of mandamus will issue only when it is made to appear that the law specially enjoins upon the defendant the performance of the act which it is sought by the writ to compel.

2. **Banks: DEPOSITORIES OF COUNTY FUNDS: AUTHORITY OF COMMISSIONERS: TREASURER.** A board of county commissioners is without authority to make one of two or more banks, designated as

depositories of county funds, a preferred depository, in which county funds are to be first deposited by the county treasurer until the sum of such deposit shall reach the amount allowed under the law and depository bond of such bank.

3. County Treasurer: AUTHORITY: DEPOSITORY ACT. A county treasurer is the custodian of the funds of his office and it is for him, within the provisions and restrictions of the depository act, to deposit and withdraw, as the requirements in the discharge of his official duties shall make necessary, all the funds coming into his custody as such treasurer.

4. Duty of County Board: LIMIT OF AUTHORITY. When a county board has acted upon the propositions of different banks applying to be made depositories of county funds, and approved or rejected the bonds presented for that purpose, its powers and authority in the premises cease, and it is without power or authority to control the action of the county treasurer, and direct in which of the depositories, or in what amount, the depositing of county funds shall be had; and when an attempt is made to designate one bank as a preferred depository, such action is a nullity, and without force or effect.

ERROR to the district court for Scott's Bluff county. Tried below before GRIMES, J. *Affirmed.*

*James H. Casselman,* for plaintiff in error.

*Gardner & Mann, contra.*

HOLCOMB, J.

From an order of the district court, denying the application for a writ of mandamus and dismissing the action, by error proceeding this case is brought here for review. By the writ the relator (the plaintiff in error) sought to compel the county treasurer of Scott's Bluff county to deposit in relator's bank county funds in the sum of $1,500, the same being half the amount for which its bond as a county depository had theretofore been duly approved by the county board of said county. The nub of the controversy is made apparent from the following paragraph of the petition and affidavit filed as a basis for the issuance of the writ applied for: "That on the 17th day of April, A. D. 1900, the bank of Gering of said

county, submitted to said board a bond in the sum of $8,000 to qualify said bank of Gering as a county depository. Said bond was approved as follows: 'Appointec' and approved as a depository for county moneys in excess of $1,500, for which amount the Irrigators' Bank has already been designated a depository,' thereby making said, The Irrigators' Bank a first and preferred depository for county funds, before any sum whatever can legally be deposited with any other county depository."

By section 18, article 3, chapter 18, Compiled Statutes, 1899, it is made the duty of the county treasurer of each county to deposit, and at all times keep on deposit, for safe keeping, in state or national banks, or in some of them doing business in the county, and of approved and responsible standing, the amount of moneys in his hands collected and held by him as such county treasurer. The bank applying for the privilege of keeping such moneys to be subject to certain conditions therein named, and also to such regulations as are imposed by law, and the rules adopted by the county treasurer for holding and receiving such deposits. By section 20 it is provided that for the security of the funds so deposited, the county treasurer shall require all such depositories to give bond for the safe keeping and payment of such deposits, and the accretions thereof, which bond shall run to the people of the county, and be approved by the county board; conditioned as in the section provided. By section 21 the treasurer is prohibited from directly or indirectly making any profit out of any moneys in the county treasury belonging to the county, the custody of which the treasurer is charged with. By section 22 his willful failure or refusal to do or perform any of the acts required of him shall constitute a misdemeanor, subject to indictment, and upon conviction, the imposition of a fine not exceeding $5,000. By section 23 it is provided that the treasurer shall not be liable on his bond for money on deposit in banks under and by direction of the proper legal authority, if said bank has given bonds. In the case of

*State v. Owen*, 41 Nebr., 651, it is held that, under the provisions of the section last quoted, it was the duty of the county board to act on the proposition of each bank to become a depository of current funds of the county, as well as approve the bond incident to that relation.

Construing the different sections of which mention has been made, it would seem quite clear that, as respects the question of depositing county funds, the board of county commissioners is authorized to act upon the application of the different banks, and approve the bonds tendered, thereby constituting such bank a county depository, in which the county treasurer must, in the discharge of his duties, deposit the current funds of the county collected and held by him; that it is the duty of the county treasurer to keep at all times on deposit in the banks so approved as depositories, or some of them, all of the funds, which by law he is required to keep on deposit under the provisions referred to. Nowhere does it appear in the act quoted, either from the words used or any fair implication that may be drawn therefrom, that the board of county commissioners is authorized to make one bank a preferred depository, in which shall be kept all funds to the amount permitted under the bond by it given. In this respect we think the county board clearly exceeded its authority, and its attempt to limit the depositing of funds in one of the banks mentioned to such an amount as might be held by the county treasurer in excess of the amount which might be deposited under the depository bond of the other bank, was an attempt to exercise power not conferred upon it by statute. The county treasurer is the custodian of the funds belonging to his office, and it is for him, within the provisions and restrictions contained in the depository act, to deposit and withdraw, as the requirements in the discharge of his official duties shall make necessary, all the funds coming into his custody as such treasurer.

By the petition the relator seeks, as mentioned in the paragraph quoted, to constitute itself a preferred deposi-

tory in the amount allowed under its bond to the exclusion of other depositories in which such funds may be legally deposited. This, we think, it can not do, and for that reason the petition fails to state a cause of action. In order to justify the issuance of a peremptory writ of mandamus, it must appear that the law specially enjoins upon the defendant the performance of the act which it is sought by the writ to compel. *State v. Livsey*, 27 Nebr., 55. When the county board has acted upon the propositions of the different banks which apply to be made county depositories, and approved or rejected the bonds presented for that purpose, its powers and authority in the premises cease, and it is without power and authority to control the action of the county treasurer, and direct in which of the depositories, or in what amount, the depositing of county funds shall be had. This is fixed by law, within the limits of which the county treasurer may act in his discretion as the receiving and disbursing agent of public funds of the county. The indorsement on the bond of the bank of Gering, which has been approved by the county board, to the effect that it is designated as a depository of the county funds in excess of the $1,500 which might be deposited under the bond given by the relator and approved before that time, was and is a nullity, and is of no force or effect whatever. In reaching this conclusion, we are not unmindful of the fact that the county board is charged with the general duty of managing the finances of the county, and the county business generally. Its authority, however, is derived from the statute. It is a public agent, entrusted with certain powers and duties relating to the government of the county, which are well defined by the provisions of the statute relating to the same. The county treasurer also has certain duties to perform, under authority conferred upon him by statute, in the performance of which the statute, and not the county commissioners, must govern. In the execution of the provisions of the depository act, the scope of the authority and the duty of the county

commissioners are limited to action upon application to be made a depository, and the approval of a bond necessary to its designation as such. Beyond that, the treasurer can not rightfully be controlled in the performance of the duties which are by the act imposed upon him. While some authorities are cited of general application, we are constrained to the view that the statute alone must be looked to for a proper determination of the matter, and have based the conclusions reached upon these provisions alone.

The judgment of the district court is right, and is therefore

AFFIRMED.