### R. L. DURHAM v. THE STATE.

#### No. 199. Decided January 26, 1910.

**Carrying Pistol—Disqualification of Judge—Attorney and Client.**

Where upon trial for unlawfully carrying a pistol it was shown that the presiding judge advised defendant upon a case which involved the same transaction, but which had been dismissed and another indictment found, he was disqualified from sitting in the case as a trial judge; and this, although such advice was claimed to have been given not as an attorney but a friend, inasmuch as the entire details of the defense were submitted to him, and he gave advice thereon to defendant to plead guilty. Following Graham v. State, 43 Texas Crim. Rep., 110.

Appeal from the County Court of Hardin. Tried below before the Hon. D. F. Singleton, Special Judge.

Appeal from a conviction of carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Hardin County, on May 20, last year, on a charge of carrying a pistol in violation of law and his fine assessed at the sum of $100.

1. The chief question raised on the appeal involves the disqualifi-

cation of Hon. D. F. Singleton, a member of the bar of that county, who, under appointment, sat as special county judge and before whom the trial was had. When the case was called, appellant filed a motion asking that the said Singleton recuse himself as disqualified for the reason in substance that he had been of counsel for appellant in the case. This motion was denied. The facts touching this matter and set out at length in the record are substantially as follows: Appellant testified to this effect: "Shortly after the date of the alleged offense information was filed in the County Court by the county attorney thereof, charging this defendant with the same offense as is charged in the indictment filed herein and that while said prosecution was pending under said information, the defendant consulted and advised with the Hon. D. F. Singleton, both as a friend and an attorney as to the defendant's defense and the probability of his acquittal or conviction, and related to the Hon. D. F. Singleton in detail all his defenses and the defense he would rely upon on the trial hereof, and obtained D. F. Singleton's advice and counsel therein. That subsequent to the communication made to and advice given by the Hon. D. F. Singleton as aforesaid, said information was quashed, and the case was dismissed on the motion of the county attorney of said Hardin County, and that thereafter, to wit, the 30th day of September, 1908, the grand jury of Hardin County returned an indictment against the defendant for the same offense. That the charge now pending against the defendant is the same charge, and is the offense about which he consulted and advised with the Hon. D. F. Singleton, and about which this court advised this defendant to plead guilty to said charge. That at the time said communications were made to and the matter discussed with the said D. F. Singleton, this defendant discussed with the court the probabilities of getting or obtaining from the county attorney an agreement to let this defendant plead guilty to a disturbance of the peace by rudely displaying a pistol. And that the Hon. D. F. Singleton at that time advised the defendant that on account of the political condition that had been existing in Hardin County, that the county attorney could not afford to make any such agreement, and that the best thing defendant could do would be to plead guilty and pay the fine. That, the reason defendant consulted with the Hon. D. F. Singleton about the charge brought against him and the possibility of his acquittal or conviction was on account of the great legal ability of the said D. F. Singleton, and that if defendant had known at the time he made such disclosures to said Singleton that he would not have made same if he could have anticipated that the said Singleton would be appointed special judge to try his case." Mr. Singleton testified as follows: "That the statements made by the defendant were substantially true, except that he (Singleton) when first approached by defendant, declined employment and refused to have any connection with the case, but that he talked the matter over with the defendant, and he did advise the defendant as stated by the defendant, but not as his attorney,

and he declined to go into open court and represent him in the trial of said cause." We understand the statement of Mr. Singleton to admit that appellant related to him in detail all his defense and obtained from him his advice and counsel in respect thereto. We understand his testimony to admit that he advised appellant that on account of the political conditions that had been existing in Hardin County that the county attorney could not afford to make such an agreement and that the best thing he could do would be to plead guilty and pay the fine. Nor do we understand that his testimony denies the statement that if appellant had known at the time he made the disclosures to him that he would not have made same if he could have anticipated that the said Singleton would be appointed special judge to try the case. It is admitted in Mr. Singleton's statement that he gave appellant the advice to plead guilty, but that this advice was not given as his counsel and that he declined to go into open court and represent him in the trial of his cause. The affidavit makes no attack upon the good faith or integrity of Singleton. On the contrary it recognizes both his high character and legal ability, and the motion is rested solely on the ground that as a matter of law, under the facts, he was disqualified. The case in many of its aspects is strikingly like that of Graham v. State, 43 Texas Crim. Rep., 110, and under the authority of that case, we think that we must hold that Mr. Singleton was disqualified to hear and determine the question. On this ground the judgment of conviction is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.