HAMILTON COUNTY, APPELLANT, v. JASPER B. CUNNING-
HAM ET AL., APPELLEES.

FILED OCTOBER 22, 1910. No. 16,150.

County Treasurers: LIABILITY FOR INTEREST. A county treasurer is not liable on his bond for interest which he has not collected and has been unable to collect upon the public funds in his care, unless it appears that some act or neglect of his has prevented or hindered the collection of such interest.

APPEAL from the district court for Hamilton county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*A. M. Post* and *Albert & Wagner,* for appellant.

*J. J. Thomas* and *Hall & Stout, contra.*

BARNES, J.

Action by the county of Hamilton against an ex-county treasurer on his official bond for the recovery of money alleged to be due the county on account of interest on the public funds while in his custody as such officer. The defendants had judgment, and the plaintiff has appealed.

The undisputed facts as shown by the record are as follows: The defendant Cunningham was the treasurer of Hamilton county for two terms, a period of four years, from January, 1902, to January, 1906, and the defendant, the American Bonding Company, was the surety on his official bond. Shortly after Cunningham assumed the duties of his office large sums of money were paid to him as county treasurer, and thereupon he, together with the county commissioners, made every possible effort to induce the banks doing business in Hamilton county to become county depositories, under the provisions of ch. 18, Comp. St. 1909, in order to faithfully administer the affairs of the office and provide a safe place or places in which to deposit, safely keep and obtain interest on the public funds. It appears that all of the banks doing business in the county, except the First National Bank of Aurora and the Aurora State Bank, duly qualified and became county depositories; that thereupon the treasurer deposited in each of said depository banks the full amount of money which they were respectively entitled to receive under the provisions of the county depository law; that he at all times during his official incumbency kept in said banks the full amount of money which they were lawfully entitled to receive, and thus obtained interest on all of the public funds which he was able to place in such depositories; that there was in his hands from time to time a large amount of public money which he was unable to

thus dispose of; that he made every possible effort to obtain depositories in other counties, and in good faith endeavored to induce the First National Bank of Aurora and the Aurora State Bank to become depositories. This they declined to do, and at all times refused to pay any interest on the public money, for the reason that they had constantly on hand more money of their own than they could profitably loan or invest.

It thus clearly appears that the defendant treasurer was unable to obtain interest on the balance of the public money in his hands. It also appears, and is conceded, that during all of the time that Cunningham held the office of county treasurer the vault and safe furnished to him by the plaintiff county were unsafe, and he was furnished no safe place in which to keep the public money: that thereupon, from time to time, as he deemed it necessary for the safe-keeping of such money, he purchased demand certificates of the Aurora State Bank, which was conveniently located at the county seat, payable to himself personally; that he immediately indorsed the same to himself as county treasurer and deposited them in the county safe; that in transacting the business of his office he handled the certificates as cash, and they were so considered by the board of commissioners, who had full knowledge of the transaction, and who approved of the same by making settlements with the defendant treasurer semiannually, receiving and treating them upon such settlements as so much cash, and that all of such certificates have been paid in full; that the defendant treasurer at the expiration of each of his terms of office made final settlement with the county board, and paid over to his successor in office the full amount of public money which he had received, including all the interest and accumulations which he had actually obtained thereon; that he never received any interest or accumulations of any kind or amount upon the demand certificates which he thus purchased and procured with county funds which he could not lawfully place in any of the depository banks.

On the foregoing facts the district court held that the defendants were not liable, and dismissed the plaintiff's action.

It is strenuously contended that it was the duty of the treasurer to collect the interest on the demand certificates above described, and therefore he is liable to the county for such interest, and the fact that he was unable to do so is no defense to this action. In support of this our attention is directed to article III, ch. 18, Comp. St. 1909, commonly called the "depository law," in which the following provisions are found: That the county treasurer shall keep on deposit, for safe-keeping, in state, national or private banks, doing business in the county and of approved and responsible standing, the amount of moneys in his hands collected and held by him as county treasurer; that all banks receiving and holding such deposits shall pay interest thereon at not less than 2 per cent. per annum; that the county board shall act upon applications of banks to receive such deposits, and approve the bonds of those selected as public depositories; that the county treasurer shall not deposit such money or any part thereof in any bank other than those thus selected, if any have been selected for the purpose, and that all deposits that he shall make in any bank whatsoever shall be paid at a rate of not less than 2 per cent. per annum.

It therefore seems clear that it was the duty of the county treasurer to deposit all of the funds in his hands in depository banks, if sufficient banks had qualified to enable him to do so, and it was also his duty to collect and receive from such depository banks interest at a rate of not less than 2 per cent. per annum. It appears, however, that the defendant treasurer in this case performed that duty to the full extent of his ability; that, notwithstanding that fact, there still remained in his hands a large sum of public money which he was unable to thus dispose of, and upon which he could collect no interest whatsoever. Of the safety of this fund he was an insurer, as declared by the statutes and the decisions of this court;

and, in order to protect himself and save the county from loss, it was necessary for him to deposit it in some safe and suitable place. It is agreed that the county had furnished him no such place, and therefore he was obliged to place the money in some responsible bank. He could not lawfully deposit it in any of the depository banks, and none of the other banks in the county would accept the money, if required to pay interest thereon, so the only course left open to him was to purchase the demand certificates in question, and, having done so in good faith, he should not, as a penalty for his actions, be required to pay interest thereon.

It is further contended that the facts of this case rendered the Aurora State Bank a *de facto* depository, and several authorities are cited in support of that contention. On this theory it is claimed that the treasurer is chargeable with interest on the demand certificates. It appears, however, that in the cases cited there had been an attempt on the part of the bank and public officers to comply with the terms of the depository law; that by some mistake, neglect or inadvertence the statutes had not been literally complied with. Recovery was sought upon the bonds of such banks, and it was held that the attempt to qualify under the provisions of the law had rendered them *de facto* depositories. In the case at bar, however, there was no attempt on the part of the Aurora State Bank to become a depository. On the contrary, it had persistently refused to qualify as such, and had steadily declined to receive any of the public money, if required to pay interest thereon. We are therefore of opinion that the cases cited do not support the plaintiff's contention.

Again, when this action was commenced the defendant treasurer had retired from office; he was no longer a representative of the county, and had no control over its funds. If the county was entitled to recover interest from the bank, which question we do not here decide, the fund belonged to the county, and the treasurer could not maintain an action to recover it. Therefore, it cannot

be said that he was even charged with the duty to collect it.

Finally, by construing the depository law in the light of other statutory provisions relating to the powers, duties and liabilities of county treasurers, and according to our former decisions, we are of opinion that the acts of the defendant Cunningham were not such as to render him liable to the county for the interest sought to be recovered in this action. Statutes ought not to be so construed as to require impossibilities of public officers in the discharge of their official duties.

The judgment of the district court is therefore

AFFIRMED.

Root, J., concurs in the conclusion.

Rose and Sedgwick, JJ., not sitting.