HAMILTON COUNTY, APPELLEE, V. AURORA NATIONAL BANK, APPELLANT.

FILED MAY 6, 1911. No. 16,609.

Judges: DISQUALIFICATION. An attorney, by presenting a question of law in the district court in one case at the time the identical question is submitted by other counsel in another not involving the first attorney's client, does not disqualify himself from sitting in the second case on appeal if he subsequently becomes a member of this court.

MOTION to vacate the judgment in this case reported in 88 Neb. 280. *Motion overruled.*

ROOT, J.

The appellee has filed a motion requesting the court to vacate the judgment of reversal, for the alleged reason that Judge SEDGWICK was not qualified to act as a judge in this case, and without his vote the judgment of the district court could not have been reversed.

Judges ROSE and SEDGWICK did not hear the oral arguments, because Judge ROSE, while deputy attorney general participated in an opinion to the state treasurer with respect to the subject matter of this litigation. Judge SEDGWICK, before his election, appeared as counsel for the county treasurer in the case of *Hamilton County v. Cunningham,* which was finally determined in 87 Neb. 650, and for that reason preferred not to sit in the instant case. The five judges before whom this case was argued were unable to agree upon the judgment, but divided three to two. Section 2, art. VI of the constitution, provides that a majority of the seven judges constituting the court shall be necessary to pronounce a decision. In this dilemma the five sitting members insisted that Judge SEDGWICK should take part in the decision, and he reluctantly consented. At that time the principal facts upon which the plaintiff predicates its contention that Judge SEDGWICK is disqualified had escaped his recollection, and were unknown to the

other members of the court.   These facts are that in Mr.
Cunningham's answer it was alleged as a separate defense
that counsel for the plaintiff were not authorized to com-
mence or prosecute the action.   In the instant case the
identical defense was raised by a plea before answer.   The
question of law, which was decided by Judge Corcoran
adversely to the defendant, was preliminary and unim-
portant, and has not been passed upon by this court in
either case.   Since the question of law appeared in both
cases, Judge SEDGWICK presented an argument in the in-
terest of his client, although he had not been employed
by and did not appear for either party in this suit.   Until
the motion was filed in this court, Judge SEDGWICK did not
suspect that any person considered that he was attorney
for any party to this suit.

The statute, section 37, ch. 19, Comp. St. 1909, provides:
"A judge or justice is disqualified from acting as such, ex-
cept by mutual consent of parties, in any case wherein he
is a party, or interested, or where he is related to either
party by consanguinity or affinity within the fourth de-
gree,   *   *   *   or where he has been attorney for either
party in the action or proceedings and such mutual con-
sent must be in writing and made a part of the record."

No suggestion is made, nor is it a fact, that Judge SEDG-
WICK has the slightest interest in the event of this suit, nor
is he related to any party thereto.   At common law the
fact that the judge had been counsel in the case before be-
ing elevated to the bench did not disqualify him.   *Taylor
v. Williams*, 26 Tex. 583. The statute has enlarged the law,
but it should not be construed to cover cases not within
its letter or reason.   *Houston & T. C. R. Co. v. Ryan*, 44
Tex. 426; *McFaddin v. Preston*, 54 Tex. 403.

If Judge SEDGWICK had waited until his client's case was
tried upon the merits before arguing the right of plaintiff's
counsel to prosecute the action, it is not probable that they
would now contend that by making the argument he be-
came attorney for a party that had not employed him, for
whom he did not appear, and with whom the relation of

client and attorney did not exist. The fact that the district court in the interest of economy permitted indentical questions of law arising in two distinct cases to be submitted at one hearing by counsel for the respective litigants cannot create a relation which never existed. We are satisfied that Judge SEDGWICK is not disqualified.

The writer of this opinion, speaking for himself only, adheres to the position taken by Judge BARNES in his dissenting opinion, and for the reasons therein set forth believes that a rehearing should be granted. But the motion to vacate the judgment because of the alleged disqualification of Judge SEDGWICK should be

OVERRULED.

ROSE and SEDGWICK, JJ., took no part in this decision.