FURNAS COUNTY, APPELLANT, V. CHARLES M. EVANS ET AL.,
APPELLEES.

FILED OCTOBER 16, 1914. No. 17,775.

1. **Trial**: DIRECTING VERDICT. Where there is no evidence to sustain a
judgment for plaintiff, the trial court should, in a case tried to a
jury, direct a verdict in favor of defendant.

2. **County Treasurers**: LIABILITY FOR INTEREST. ''A county treasurer
is not liable on his bond for interest which he has not collected
and has been unable to collect upon the public funds in his care,
unless it appears that some act or neglect of his has prevented or
hindered the collection of such interest.'' *Hamilton County v. Cun-
ningham*, 87 Neb. 650.

APPEAL from the district court for Furnas county:
HARRY S. DUNGAN, JUDGE. *Affirmed.*

*John Stevens,* for appellant.

*W. S. Morlan, J. F. Fults* and *Lambe & Butler, contra.*

ROSE, J.

This is a suit on the official bond of a former treasurer
of Furnas county to recover $1,296.65, a sum alleged to be
due the county under the depository law as interest at the
rate of 3 per cent. per annum on the average daily bal-
ances of public funds in depository and other banks dur-
ing the years 1902 and 1903. Comp. St. 1901, ch. 18, art.
III, secs. 18-23. The case was here before. At the first
trial below the lower court sustained a demurrer to the
petition and dismissed the action. In this court the peti-
tion was sustained and the action was held to be one to
recover interest received and retained by the county treas-
urer on county funds deposited by him in depository and
other banks. *Furnas County v. Evans*, 90 Neb. 37. After
the case reappeared in the district court, defendants filed
answers amounting to a general denial. Upon a trial of
the issues, the trial court directed a verdict for defendants.
From a judgment of dismissal plaintiff has appealed.

A reversal is sought for assigned error in directing a verdict for defendants. There is no dispute in the evidence about any material fact. Proof that the treasurer turned over to the county all interest received by him on the public funds described in the petition is uncontradicted. It follows that the verdict for defendants was properly directed, treating the action as one alone to recover interest received and retained by the county treasurer on public funds deposited by him in depository or other banks.

Plaintiff argues, however, that the treasurer is liable for negligence in failing to collect and turn over to the county, according to the terms of the depository law, the full amount of interest due on public funds deposited by him in depository and other banks. Assuming, but not deciding, that the petition is sufficient in this respect, plaintiff failed to make a case, when the depository law, as construed by this court, is considered with the undisputed facts. The treasurer deposited county money in four banks. Two of them were properly designated, bonded depositories. The others did not qualify under the depository law. The latter paid no interest on deposits of public funds. The county treasurer kept in the two regular depositories public funds in excess of the amounts contemplated by statute and by the depository bonds. On this excess no interest was paid. It is the unpaid interest on such excess and on the funds deposited in banks not qualified as depositories that plaintiff is seeking to recover from the treasurer. There is no evidence that any act or neglect of the treasurer prevented the selection or qualification of adequate depositories for all of the public funds or hindered or delayed the collection of interest. The rules of law applicable to the undisputed facts seem to be settled. In *Hamilton County v. Cunningham*, 87 Neb. 650, it is said: "A county treasurer is not liable on his bond for interest which he has not collected and has been unable to collect upon the public funds in his care, unless it appears that some act or neglect of his has prevented or hindered the collection of such interest."

In a suit by Hamilton county against the Aurora National Bank, which had not qualified as a depository, to recover interest on public funds deposited therein by J. B. Cunningham, county treasurer, this court said: "If this transaction of depositing the money in the bank by Cunningham was in violation of law, as claimed, both Cunningham and the bank were parties to such violation, and vould be equally liable therefor; and if the transaction, being in perfect good faith, were such that by its ultimate result either of the parties thereto was released, we see no escape from holding that both were released." *Hamilton County v. Aurora Nat. Bank*, 88 Neb. 280.

These precedents require an affirmance in the present case.

.AFFIRMED.