Custer County v. Cavenee.

---

CUSTER COUNTY, APPELLANT, v. JOHN E. CAVENEE ET AL., APPELLEES.

FILED DECEMBER 3, 1915.   No. 18467.

1. **County Treasurers:** LIABILITY FOR INTEREST. "A county treasurer is not liable on his bond for interest which he has not collected and has been unable to collect upon the public funds in his care, unless it appears that some act or neglect of his has prevented or hindered the collection of such interest." *Hamilton County v. Cunningham*, 87 Neb. 650.

2. **County Depository:** LIABILITY FOR INTEREST. In such a case, where there is no proof of any collusion or bad faith, and it appears that no interest or profit was received by the treasurer, and that the bank continuously had on hand in cash a sufficient amount over its legal reserve to pay the entire deposit, the bank is equally free from liability.

Custer County v. Cavenee.

APPEAL from the district court for Custer county; BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*J. R. Dean* and *C. W. Beal,* for appellant.

*Silas A. Holcomb, Sullivan, Squires & Johnson* and *C. L. Gutterson, contra.*

LETTON, J.

This is an action against John E. Cavenee, formerly county treasurer of Custer county, and the Custer National Bank, to recover $929.47 as interest on county funds deposited in the defendant bank by Cavenee while county treasurer, in excess of the amount for which the bank has qualified as a legal county depository. Judgment for defendants, and plaintiff appeals.

Cavenee was elected treasurer of Custer county in 1905, and assumed the duties of the office in January, 1906, serving for the years 1906 and 1907. He was reelected in 1907 and served until January, 1910. The Custer National bank had taken proper steps to be made a legal depository for that county to the extent of $4,000 for the years 1906 and 1907, and to the extent of $8,000 for 1908 and 1909. During each of his terms Cavenee, as county treasurer, deposited in the bank county funds in excess of the amount which the bank was entitled to receive as a county depository. The bank has paid to the county all interest due upon the money which could be legally deposited in it as such depository. The safe and vault provided by the county for the keeping of its funds were insecure and not burglar proof, and the county authorities were aware of this fact. A number of other banks in the county had qualified as depositories. The amount for which the depository banks qualified did not equal the amount of money which the treasurer often had on hand, so that he was often compelled to keep on deposit in these banks excess funds for safe-keeping. During all of this time the defendant bank kept cash on hand over its legal reserve in excess of the amount of county money deposited. It

is shown that the county treasurer had on deposit in all county depositories the full amount which each was entitled to receive, and in some of them excess funds, except in six banks situated in various towns in the county at a greater or less distance from the county seat, some of them many miles distant by rail, in which banks the amount on deposit varied. Section 6662, Rev. St. 1913, prohibits the deposit of more than an amount equal to 50 per cent. of the capital of each depository bank, and it is not shown that the amount deposited in each of these banks was less than this. No complaint is made in the petition as to any wrongful act or omission as to these banks, none has been proved, and none will be presumed. Defendant Cavenee, as county treasurer, and the bonding company which furnished the bonds, in 1906, procured letters to be written to and corresponded with the various banks of Custer county, urging them to become legal depositories, and informing them that, if the banks of the county did not become depositories to an amount sufficient to receive the county funds, the money might be sent out of the county for safe-keeping. Mr. Cavenee afterwards urged the banks of the county and city, including the defendant bank, to give larger bonds and become legal depositories for larger amounts than they were permitted to receive, which the banks refused to do, except the defendant bank, which increased its bond to $8,000 during his second term.

The question presented is whether, if a county treasurer deposits money in a bank in excess of the amount for which it has qualified as a county depository, is he, or is the bank, liable for interest on such excess deposits. The evidence fails to disclose any act of negligence upon the part of Cavenee. The county treasurer is the legal custodian of the funds which have not been deposited in the depositories. *State v. Whipple,* 60 Neb. 650. The liability of a county treasurer for money deposited in a depository bank in excess of the amount apportioned to it by the county board is the same as if the bank were not a legal

depository, and he is liable upon his official bond therefor. He is released by section 6665, Rev. St. 1913, from liability as to the amount which the county board apportions to a depository bank under its bond, but is personally liable for all other funds. It is plain that the treasurer would not have exercised ordinary good judgment if he had kept a large amount of funds in the only places afforded by the county authorities in which money could be kept.

The principal questions in this case have been settled by the cases of *Hamilton County v. Cunningham*, 87 Neb. 650, *Hamilton County v. Aurora Nat. Bank*, 88 Neb. 280, and *Furnas County v. Evans*, 97 Neb. 54. The first of these cases was brought to recover from a former county treasurer for interest on county money deposited in a bank which was not a legal depository. The court held that, since it appeared that the transaction was entered into in good faith by the treasurer in order to provide a safe place for the money, the treasurer was not liable for interest, and that a county treasurer is not liable on his bond for interest which he has not collected, and has been unable to collect, upon the public funds in his care, unless it appears that some act or neglect of his has prevented or hindered the collection of such interest. The second case was brought against the bank in which the money was deposited, and it was held that, if the transaction was in good faith and the treasurer was not liable for failure to collect interest, the bank was also free from liability. These cases were followed and the principles reiterated in the *Furnas County* case mentioned. While the facts are not entirely identical with those in each of these cases, the principles apply. Several other matters are discussed in the brief, but these questions are determinative of the case.

The judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.