**Virgil MATLOCK et al., Appellants,**

v.

**S. H. SANDERS et al., Appellees.**

No. 5029.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 28, 1954.

McDaniel & Hunt, Center, for appellant.

W. I. Davis, Center, for appellee.

R. L. MURRAY, Chief Justice.

This is an original action in this court brought by the relators Virgil Matlock, et al. against the respondents Honorable S. H. Sanders, District Judge, and Oll Williams, praying for a writ of mandamus to compel the entry of a judgment in their favor by Judge Sanders against Oll Williams in a suit in the District Court of Shelby County. The suit was tried before a jury in the District Court of Shelby County and the verdict of the jury was received and filed and an announcement was made by the respondent Judge Sanders as trial judge that on the jury's verdict the judgment would be for the plaintiffs, who are the relators here, Virgil Matlock, et al. The respondent Judge Sanders thereafter and before any judgment was signed and entered was advised and reminded of certain facts from which he concluded that he was disqualified to sit in the trial of the case as trial judge, and he declined to enter judgment or take any further action in the case because of his belief that he was and is disqualified in the suit.

In January, 1952, relators Virgil Matlock, et al., brought their suit in the District

Court of Shelby County in the form of trespass to try title to recover title and possession of 191 acres of land in the Jonas Harrison Survey in Shelby County. In their petition, in addition to the ordinary averments of a trespass to try title action, they also specially pleaded the 3, 5, 10 and 25-year statutes of limitation, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519. The respondent here, Oll Williams, was the defendant in the action, and he filed an answer disclaiming as to a portion of the land sued for and pleading not guilty and also pleading the 3, 5, 10, and 25-year statutes of limitation as to the balance of the land. He also filed his cross-action against Henry Fitch et al. on their general warranties. The trial in the case was begun December 7, 1953. Thereafter the jury returned its verdict in the case and the respondent Judge Sanders announced that on the verdict of the jury judgment would be for the plaintiffs in the suit, the relators here. Thereafter he was reminded that in 1930, 12 years before he became district judge in Shelby County, he had been counsel for Beulah Fitch, Willie Lout (now Willie Luman) and Mattie Rayborne in a voluntary partition among the heirs of J. A. Monroe, deceased, of certain lands in Shelby County, a portion of which was involved in the suit then before the court, and that while representing them he had advised them that they were getting good title to the land which they were receiving in the partition. He was employed as counsel by these three people and was paid his fee for representing them in such partition. No lawsuit was filed in connection with the partition. His three former clients, Beulah Fitch, Willie Lout and Mattie Rayborne, so far as we can find from this record, are not parties to the instant suit in the District Court of Shelby County, styled Virgil Matlock v. Oll Williams.

The respondent Judge Sanders thereafter on February 6, 1954 in a letter to counsel for both parties, plaintiff and defendant, announced that because of having been counsel in the matter just referred to in 1930, and because of having advised his then clients that they were receiving good title to the land deeded to them by the partition deeds, he believed himself to be disqualified to sit in the trial of the case as trial judge. Since that time he has refused to enter any order or judgment in the cause because of his belief that he was thus disqualified.

Article 5, Section 11 of the Constitution of Texas, Vernon's Ann.St. provides as follows: "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case."

Article 15, Vernon's Annotated Civil Statutes of Texas, provides as follows: "No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within the third degree, or where he shall have been counsel in the case."

In 25 Texas Jurisprudence 292 it is said: "Before a judge may be regarded as disqualified for the reason here considered, it must appear that he acted as counsel in the very case that is before him. It is not enough that the subject matter of the suit in which he was counsel is the same as that of the instant case, if the parties to the two are not the same. Consequently, a judge is not ordinarily disqualified because he has acted as counsel in a suit between other parties, or in a controversy between the same parties where other issues were involved, or because in a controversy between other parties he was of counsel in a case involving the same title, or gave an opinion as to the title in dispute."

The Supreme Court in the early case of Houston & T. C. Ry. Co. v. Ryan, 44 Tex. 426, held that the fact that the presiding judge had theretofore as counsel given an opinion in regard to the validity of the title to the land in controversy was not a ground that disqualified the judge from trying the case, the parties not being the same.

In Taylor v. Williams, 26 Tex. 583, the Supreme Court held that the fact that the

presiding judge who had been of counsel in other cases involving the same title of real estate as that involved in the cause before him as judge does not constitute a disqualification under the constitutional phrase "where he shall have been of counsel in the cause", as the pertinent section of the Constitution, Article 4, Section 14 at that time read. In Slaven v. Wheeler, 58 Tex. 23, the court held in facts different from those of Houston & T. C. Railway Co. v. Ryan, supra, that if as an attorney the judge had advised the parties as to a matter in, dispute and such matter had ripened into a suit he would thereafter be disqualified sitting as a judge. The conclusion is distinguished from the decision in both Houston & T. C. Railway Co. v. Ryan, supra, and Taylor v. Williams, supra; it being pointed out in Slaven v. Wheeler that one of the parties who had sought advice from the presiding judge while he was an attorney was a party to the instant litigation, whereas in the other two cases different parties were before the court. In Glasscock v. Hughes, 55 Tex. 461, the Supreme Court held that it is not a ground of disqualification that the judge had previously acted for a party who was a part owner of the land in litigation but was not interested in the pending suit.

■ It has been held by our courts many times since those early day cases that in order for a trial judge to come within the constitutional and statutory inhibitions against sitting as judge in a case in which he had been counsel, it is necessary that the judge had acted as counsel for some of the parties in suit before him in some proceeding in which the issues were the same as in the case before him. City of Austin v. Cahill, 99 Tex. 172, 88 S.W. 542, 89 S.W. 552; Butts v. Davis, Tex.Civ.App., 149 S.W. 741; Stockwell v. Glaspey, Tex.Civ. App., 160 S.W. 1151; Ruth v. Carter-Kelly Lumber Co., Tex.Civ.App., 286 S.W. 905.

In the letter mentioned above, written by the respondent Judge Sanders to counsel in the case announcing his disqualification and giving the reasons therefor, he cited two cases, Durham v. State, 58 Tex.Cr.R.

143, 124 S.W. 932 and Johnson v. Johnson, Tex.Civ.App., 89 S.W. 1102. We do not believe the holdings in these cases support a finding of disqualification of Judge Sanders. In Durham v. State, supra, the facts were these: an information filed against Durham in the county court charged him with the offense of carrying a pistol in violation of the law, and while prosecution under such information was pending he consulted and advised with D. F. Singleton about his case and obtained his advice and counsel thereon. Thereafter the information was quashed and later the grand jury indicted him for the same offense. Thereafter Mr. Singleton was elected special judge of the county court and tried the case involving the indictment. Durham was convicted and on appeal the Court of Criminal Appeals held that Judge Singleton had been counsel in the case and was disqualified. The issue and the party in litigation were the same in both cases. Johnson v. Johnson, supra, was a divorce case and was the second suit for divorce between the parties. The trial judge before whom the second case was tried had been counsel for plaintiff in the former action and in the second suit defendant pleaded judgment in the former action as res judicata. Since the parties were the same and the subject matter was substantially the same as in the matter in which the judge had participated as counsel, he was held disqualified.

■ Since the parties in the case of Virgil Matlock v. Oll Williams were not the parties whom Judge Sanders had represented and advised in 1930, we believe that the ruling in Houston & T. C. Railway Co. v. Ryan, supra, and the other cases cited above applies in this matter before us and that the respondent Judge Sanders was not disqualified to sit in the trial of the case.

We can understand the hesitancy which Judge Sanders exhibits in this case. His attitude is one of fairness and impartiality. It is true that in many cases a trial judge, because of his connection and views in regard to certain features of a lawsuit before him may not be legally disqualified to hear it, and yet he feels that he should not try it

out of fairness to both of the parties concerned. As stated by Judge Sanders in his letter to counsel, a judge may from motives of delicacy and propriety recuse himself. He may under such circumstances exchange benches with some other district judge. In the case before us there was no disqualification under the Constitution and statutes and decisions of the courts. If a judge desired to recuse himself from such motives of delicacy and propriety, the only proper time to do so was before he began the trial of the lawsuit. After the case was tried and the jury's verdict was in, it was his duty to render and enter such judgment as the verdict and the pleadings required.

From what has been said, we believe that the respondent Judge Sanders is not disqualified to sit in the case of Virgil Matlock v. Oll Williams in the district court of Shelby County, and the writ of mandamus prayed for will be issued directing said respondent to proceed to judgment in the said cause.