**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00374-CV**
_____

**IN RE SCOTT MITCHELL OBEGINSKI**

_____

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 24-11-18234**
_____

**MEMORANDUM OPINION**

Scott Mitchell Obeginski filed a petition for a writ of mandamus and a motion

for temporary relief.[1] Obeginski contends the trial court abused its discretion by

providing less than 45 days' notice of a trial setting after the trial court cancelled the

original trial setting. Obeginski argues that by signing a "prohibited, argumentative

---

[1]Obeginski's filings suffer from unresolved formatting deficiencies, Obeginski identifies the Real Parties in Interest, but he did not clearly identify their attorneys. We are unable to determine the nature of the underlying dispute because the parties' live pleadings are not included in his appendix. We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See* Tex. R. App. P. 2.

1

response" to Obeginski's motion to recuse, the trial court served as a lawyer in the matter in controversy for purposes of disqualification under Texas Rule of Civil Procedure 18b(a)(1). *See* Tex. R. Civ. P. 18b(a)(1) ("A judge must disqualify on any proceeding in which: (1) the judge has served as a lawyer in the matter in controversy[.]"). Obeginski contends the trial court abused its discretion by forcing Obeginski to trial before a judge who is disqualified by operation of Rule 18b(a)(1) of the Texas Rules of Civil Procedure. Obeginski argues that because the judge is disqualified, the referral order and the administrative judge's order denying the motion to recuse are void. He contends he lacks an adequate remedy by appeal because the judge's "incurable bias and self-disqualification have rendered the entire proceeding fundamentally unfair."[2]

"The judge whose recusal or disqualification is sought should not file a response to the motion." *Id.* 18a(c)(2). That said, the disqualification in Rule 18b(a)(1) is coextensive with Article V, section 11 of the Texas Constitution which states, "No judge shall sit in any case … when the judge shall have been counsel in the case." *See In re Wilhite*, 298 S.W.3d 754, 758 (Tex. App.—Houston [1st Dist.] 2009) (orig. proceeding); *see also* Tex. Const. art. V, § 11. "[F]or a trial judge to come within the constitutional and statutory inhibitions against sitting as judge in a

---

[2]In his motion to recuse, Obeginski argued the trial court is biased against him because opposing counsel contributed to the trial court's judicial campaign in 2022.

case in which he had been counsel, it is necessary that the judge had acted as counsel for some of the parties in suit before him in some proceeding in which the issues were the same as in the case before him." *Matlock v. Sanders*, 273 S.W.2d 956, 958 (Tex. Civ. App.—Beaumont 1954, orig. proceeding). For instance, a judge does not serve as a lawyer in the case by providing legal advice to a party. *See In re Estate of Heffner*, No. 02-21-00419-CV, 2023 WL 3876760, at *6 (Tex. App.—Fort Worth June 8, 2023, pet. denied) (mem. op.). Here, the trial judge never appeared as an attorney of record in the case. We conclude that the trial court did not abuse its discretion by failing to disqualify herself under Rule 18b(a)(2).

In a supplemental filing, Obeginski argues the trial court abused its discretion by failing to notify the Attorney General of Texas that Obeginski challenged the trial court's use of the trial-setting notice of Rule 245 and the service and notice provisions of Rules 21 and 21a. Obeginski argues the trial court's inaction violates section 402.010 of the Government Code. *See* Tex. Gov't Code Ann. § 402.010. "A court may not enter a final judgment holding a statute of this state unconstitutional before the 45th day after the date notice required by Subsection (a) is served on the attorney general." *Id*. § 402.010(b). The "rules" referred to in Obeginski's mandamus petition do not involve a "statute" and are not acts of the Legislature, and Obeginski does not assert that he has asked the trial court to declare the rules to be unconstitutional. Moreover, a court's failure to serve notice as required by Section

402.010(a) does not deprive the court of jurisdiction or forfeit an otherwise timely filed claim or defense. *Id*. § 402.010(c).

In a third supplemental filing, Obeginski claims a court coordinator and the judge are "back-dating" orders. From our review of the supplemental filing, it appears Obeginski may be confusing the judge's act of "signing the order" with the clerk's acts of "entering the order" and notifying the parties that the order has been signed and entered. At any rate, Obeginski has not brought forth any evidence that the order in question was "back-dated" in this case.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Obeginski premised the remaining arguments in his mandamus petition on the presumption that the trial court is disqualified, or that the arguments relate to recusal under Rule 18a, or to a claim that the trial court is biased because opposing counsel contributed to the trial court's judicial campaign in 2022. "An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." Tex. R. Civ. P. 18a(j)(1)(A).

4

Obeginski has not shown that he is entitled to mandamus relief. Accordingly, we deny the petition for a writ of mandamus and the motion for temporary relief. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on October 14, 2025
Opinion Delivered October 14, 2025

Before Golemon, C.J., Wright and Chambers, JJ.