The opinion of the court was delivered by
Gibson, J.
There is no colour to say, that the court withdrew the determination of the facts from the jury; and the inquiry is narrowed to the bill of exceptions to evidence. It was alleged, that Boyer had sued David Potts, the father, before Justice Men-denhall, for the same cause of action that is laid in this suit against his son; and, to prove this, the defendant offered an account furnished to his father, in the handwriting.of Justice Mendenhall,-who is dead, accompanying a note from the justice, which contains a demand of payment. This was furnished before suit was brought; and it is contended to be competent evidence, because, as it is said, the justice was the agent of Boyer, and, consequently, that his acts are to be treated as the-acts of his principal. There was no evidence of any delegation of authority, except what was thought to result from the relation in which the parties stood of magistrate and suitor; and the.law, certainly, will not from this presume the existence of an agency so fraudulent and base. Justices of the peace, no doubt, frequently act as agents for those who employ them; but they ought to know that they do so at the peril of being convicted of a highly aggravated misdemeanor, which is indictable at the common law. Ignorance cannot palliate a crime of this sort;for the turpitude of acting both as a judge and party in the same cause, cannot but be obvious to the dullest comprehension. In the case before us, it is impossible to connect Boyer with the act with which it is attempted to fix him; and, as the act of the justice, it was entirely extrajudicial. We are therefore of opinion that the paper was incompetent, and ought not to have been admitted.
Judgment reversed, and a venire facias de novo awarded.