Taylor v. Williams.

CHARLES S. TAYLOR AND ANOTHER V. GEORGE WILLIAMS.

A district judge can be disqualified from sitting in a case only by some one or more of the causes specified in the constitution, article 4, section 14.

The fact that the presiding judge had been of counsel in other cases involving the same title to real estate as that involved in the cause instituted before him as judge, does not constitute a disqualification disabling him from sitting in the cause.

The "interest" which disqualifies a judge from sitting in a case does not signify every bias, partiality or prejudice, which he may entertain with reference to the case, and which may be included in the broadest sense of the word "interest" as contra-distinguished from its use as indicating a pecuniary or personal right or privilege, in some way dependent upon the result of the cause.

In an action of trespass to try title, the plaintiffs moved for a change of venue to an adjoining county, on account of the alleged disqualification of the presiding judge by reason of his having been of counsel in other causes involving the title sued on; the motion was sustained, and the order of the court thereupon recited the supposed disqualification as the reason for the change of venue;—the District Court to which the case was transferred entertained the cause until trial, in which verdict and judgment were rendered for the plaintiffs; whereupon the defendant moved to set aside the judgment and re-transfer the cause to the county in which it was originally instituted:—Held, that the court did not err in setting aside its previous judgment and in striking the cause from its docket, upon the ground that it had acquired no jurisdiction by change of venue, and that consequently there has been no final judgment from which an appeal could be prosecuted.

APPEAL from Walker. Tried below before the Hon. P. W. Gray.

This was an action of trespass to try title, instituted originally in Polk county to the Fall Term, 1847, of the District Court, by James Davis and Charles S. Taylor against George Williams, the appellee, for a tract of land in the county of Polk.

The cause was continued up to the Fall Term, 1856, when, upon motion of the plaintiffs, the venue was changed to the county of Walker, the order therefor reciting that "the judge presiding, who is the judge of this judicial district, having been of counsel in cases involving the same title that is involved in this case, and therefore disqualified to try the same."

At the Spring Term, 1857, of the District Court of Walker county, the case came to trial, and the plaintiffs obtained a verdict and judgment.

The defendant moved the court to set aside the judgment and to re-transfer the case, assigning, with other causes, that the "change of venue is and was illegal, irregular and void, and without the authority of law, as appears by the record."

Upon this motion, the court entered an order overruling the other causes assigned, and proceeding—"But, because it seems to the court that the venue has been irregularly changed from the District Court for the county of Polk, and that this court has no jurisdiction of the case, it is therefore ordered and considered, that the judgment rendered in said case be set aside for want of jurisdiction in said case, and that the case be stricken from the docket and be remanded to the District Court for the county of Polk, whence it came," &c. From this order or judgment the plaintiffs appealed.

The appellee moved to dismiss the appeal.

R. Hughes, for the appellants, cited The State v. Anthony, 7 Iredell's R., 234; Davis v. Allen, 11 Pick. R., 466; Gratz v. Benner, 13 Serg. & Rawle R., 110; Bassett v. The Governor, use, &c., 11 Georgia R., 221; 16 Serg. & Rawle R., 219; Oakley v. Aspinwall, 3 Comstock's R., 549.

Taylor v. Williams.

*Benj. C. Franklin,* for the appellee, cited Rogers v. Watrous, 8 Texas R., 62.

MOORE, J.   This suit was properly commenced in the District Court of Polk county.   That court alone had jurisdiction of it, unless the venue was changed in conformity with law.   The Act of February, 13th, 1854, (O. & W. Dig., art. 404.,) provides that this may be done "whenever one of the district judges of the State of Texas shall be disqualified by law from trying or sitting in any case pending before him, and the parties shall fail to appoint by consent," &c.   And article 4, section 14, of the constitution prescribes the rule by which we are to determine in what cases a judge shall be disqualified from sitting.   Its language is, "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him by affinity or consanguinity, within such degrees as may be prescribed by law, or where he shall have been of counsel in the cause."   If the judge of the District Court of Polk county was disqualified from sitting in the case, it must have been by reason of one of the grounds enumerated in the constitution.   The reason given for the change of venue in the order of the court by which it was made, is, that the presiding judge had been of counsel in cases involving the same title that is involved in this case.   Does this fact constitute, under the constitution, an objection disqualifying the judge from sitting in the cause?   If it does not, as the jurisdiction of the case was conferred by law upon the District Court of Polk county, it could be taken from it neither by the court nor the act of the plaintiff at whose instance the order for the change of venue was made. (Yates v. The People, 6 Johns., 417; Oakley v. Aspinwall, 3 Comst., 547; Chambers v. Hodges, 23 Tex., 104; Andrews v. Beck, Id., 455.)

It is a well settled rule of the common law, that if a judge has any (the slightest) interest in a cause, he is disqualified from sitting in it; *aliquis non debet esse judex in propria causa.*   (21 Pick., 101; 8 Co., 118; 5 Mass., 92; 13 Mass., 340; 6 Pick., 109; 14 Serg. & Rawle, 157–8.)   Yet he was not, by the common law, disqualified from sitting in a cause in which he had been

of counsel. (Chambers v. Hodges, supra.; 2 Marsh., 517; Coxe, 164; 2 Binn., 454.) And he may also, on an appeal, decide or take part in the decision of a cause determined by him when sitting in another tribunal. (Yates v. The People, 6 Johns., 408, 416; Lieut. Governor's case, 2 Wend., 213; Chancellor's case, 6 Wend., 158; Pierce v Delamater, 1 Comst., 17.)

It must follow, then, as a matter of course, that the fact that the presiding judge had been of counsel in the case did not necessarily render him interested in it; and much less would it follow merely from his having been of counsel in another cause involving the same title.

The learned counsel for the appellant admits that the presiding judge of the District Court of Polk county was not disqualified by reason of having been "of counsel in the cause;" but he insists that his having been of counsel in other cases involving the same title has rendered him interested in the case, and that he was on this account disqualified. If this is so, we must conclude, as he urges, that we are to understand by the interest which disqualifies a judge, every bias, partiality or prejudice, which he may entertain with reference to the case, and which may be included in the broadest sense of the word, as contra-distinguished from its use as indicating a pecuniary or personal right or privilege in some way depending upon the result of the cause. If this had been the sense in which it was intended, the first cause of disqualification, mentioned in the constitution, should have been understood; it would have been altogether unnecessary to have specified, as was done, the other two grounds of disqualification. We must suppose that these were enumerated, because they were not included in the ground first assigned. They were, although creating in the mind of the judge a bias, prejudice or partiality, not of that character of interest which it was declared should disqualify him from sitting in the cause. Where the constitution has only prescribed that the judge's professional connection with the case, in the single instance where he has been "of counsel in the cause," shall disqualify him from presiding upon its trial, we cannot undertake to say that his professional connection with a similar cause, or one involving the same questions, shall have that effect. If we depart

Taylor v. Williams.

from the plain language of the constitution, we shall be left without a rule for our guidance, and shall countenance a laxity of construction that may prove both dangerous and inconvenient. If the venue may be changed where a presumption can be indulged that any bias or inclination of the mind may exist with reference to the result of the case, we. must also say, in such case, that the judge has not and cannot acquire jurisdiction of it, and any action that may be had before him must be held void.

We do not intend to be understood as saying that a judge might not be interested in the case pending before him, by reason of his connection as counsel with another cause in which the same title is involved, but merely that the fact that he has been of counsel in some other case in which the title was involved does not of itself import that he was interested in it. We are of opinion that the District Court of Walker county did not err in setting aside the judgment that it had awarded and ordering the case to be stricken from its docket, and that there has consequently been no final judgment rendered in it from which an appeal could be prosecuted. It is therefore ordered that appellee's motion be sustained and the appeal dismissed.

Appeal dismissed.