## KING & DAVIDSON V. B. D. SAPP.

(Case No. 2039.)

1. DISTRICT JUDGE—DISQUALIFICATIONS—The law enumerates the only instances in which an interest not necessarily pecuniary will disqualify a district judge. These are where he has been of counsel in the cause, or where either of the parties may be connected with him by affinity or consanguinity within the third degree. (R. S., 1090.)

2. SAME—By naming those special cases where the judge's feelings may be interested, though he may not gain or lose by the result of the suit, the law doubtless intended to limit all other cases of interest to such as should be of a pecuniary nature.

3. RIGHT OF PROPERTY—POSSESSION—BURDEN OF PROOF—AGENT—Where an acknowledged agent of the claimant in a trial of right of property held possession for him, the legal possession of the claimant was complete, and the burden of proof was upon the plaintiff.

APPEAL from Nacogdoches. Tried below before the Hon. James I. Perkins.

This was an action for the trial of the right of property to certain goods valued at $800, levied upon by virtue of a writ of attachment issued out of the district court of Nacogdoches county on November 28, 1883, and levied on a part of the stock of goods in a certain house known as the Old Stone Fort, as the property of R. Cole, the writ being in favor of appellants and against R. Cole. Appellee filed his affidavit and claim bond on December 4, 1883, and claimed title by purchase from Cole. Plaintiffs alleged that the sale by Cole was to defraud his creditors. The case came on for trial at the March term 1886, and resulted in a verdict and judgment for the defendant.

*W. G. Ratcliff*, for appellants, on burden of proof, cited: R. S., Art. 4839; McDuffie *v.* Greenway, 24 Tex., 625; Lott *v.* Keach, 5 Tex., 395; Reynolds *v.* Lansford, 16 Tex., 287; Bennett *v.* Gamble, 1 Tex., 136; Paxton *v.* Boyce, 1 Tex., 317; Latham *v.* Selkirk, 11 Tex., 322.

On disqualification of the district judge, he cited: Con., Art. 5, sec. 11; R. S., Art. 1090; King *v.* Pfeiffer, 62 Tex., 307; Hodde *v.* Susan, 58 Tex., 389. Stark *v.* Whitman, 58 Tex., 375; Newcome *v.* Light, 58 Tex., 141; Slaven *v.* Wheeler, 58 Tex., 23.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.—The appellant contends that the district judge who tried this cause below was disqualified to hear and determine it, because he had been of counsel in causes between the defendant below and other plaintiffs, growing out of the same transaction as

that from which the present suit originated, and involving the same questions that arose in it for decision.

The judge had never been of counsel in this cause; and, if disqualified to sit therein, it must have been because the fact that he was, at one time, of counsel in the other cases, gave him an interest in the present suit.

The record does not disclose to us that the judge had any pecuniary interest in the event of the causes in which he had been employed. It does not inform us of any special facts which made the decision of this suit determine those cases, and ordinarily it would have no such effect.

The decision of the district judge would not have been authority in the other suits; and, so far as we can see, would not have influenced in the slightest respect the judgments to be rendered in them. The law enumerates the only instances in which an interest not necessarily pecuniary will disqualify a district judge. These are where he has been of counsel in the cause, or where either of the parties may be connected with him by affinity or consanguinity, within the third degree. R. S., 1090. By naming those special cases where the judge's feelings may be interested, though he may not gain or lose by the event of the suit, the law, doubtless, intended to limit all other cases of interest to such as should be of a pecuniary nature. The judge must, by the judgment in the case, gain or lose something the value of which may be estimated. Of the influence which previously formed opinions upon questions involved in the case may have upon him, or the moral effect which his decision may have upon another judge presiding in other causes, the law takes no account. It certainly will not consider such a circumstance when it does not appear that the judge sought to be disqualified had any pecuniary interest in the causes, which might be affected by his decision. We think that the district judge properly held that he was qualified to sit in the cause. Taylor v. Wiliams, 26 Tex., 583; Railway Company v. Ryan, 44 Tex., 426.

Nor did he err in putting the burden of proof upon the appellants. The goods in controversy were taken from the possession of S. D. Sapp, the agent of the appellee. The statute casts the burden of proof upon the plaintiff when the property is taken from the possession of the claimant; and upon the claimant, when taken from the possession of the defendant in the writ, or of any person other than the claimant. R. S., Arts. 4838, 4839.

The general rule is that the possession of the agent is the possession of the principal. There is no reason why this rule should not be applied in a trial of the right of property, in all cases except the one provided for by the statute itself. When the defendant professes to

hold as the agent of the claimant, the very question to be tried may be, and usually is, as to the legal or fraudulent character of the agency. Then the statute enforces the principle that possession is *prima facie* evidence of title, and puts the burden of proof upon the claimant to show ownership in himself. But when a third party, the acknowledged agent of the claimant, holds possession for him, the legal possession of the claimant is complete, and a case is made for putting the burden of proof upon the plaintiff. When the property is held by some third party, whose possession is not confessedly that of the claimant, and legally equivalent thereto, the statute makes no presumption in favor of the claimant, as he asserts a right to property to which he has no apparent title. For this reason, doubtless, the law throws upon him the burden of proof in such cases. But whether this be the true reason or not, as there is nothing in the statute to show that an actual, manual, personal possession by the claimant was necessary to relieve him of the burden, we think his possession by an agent is sufficient for that purpose.

The remaining assignment of error is not in compliance with the rules, whether it be that the court erred in overruling the motion for new trial, or is in effect, as the appellants contend, that the verdict of the jury is contrary to the law and the evidence.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered October 15, 1886.]