BUTTS et al. v. DAVIS et al.†

(Court of Civil Appeals of Texas. Amarillo. May 4, 1912. Rehearing Denied June 15, 1912.)

1. JUDGES (§ 47*)—DISQUALIFICATION—ACTING AS COUNSEL.

In an action by persons residing in R., who had subscribed money to aid in the construction of a railroad, to cancel and rescind the contract between them and the promoter, and to secure the title and possession of the railroad, or, in the alternative, the foreclosure of a contract lien thereon, the fact that a judge, two or three years prior thereto, had been consulted by subscribers residing in M., concerning their liability at that time on their subscriptions, did not disqualify him to appoint a receiver of the railroad, especially where the matters about which he was consulted were not involved in the action.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 214–219, 222, 223; Dec. Dig. § 47.*]

2. APPEAL AND ERROR (§ 448*)—JURISDICTION OF LOWER COURT PENDING APPEAL.

An ex parte order appointing a receiver was vacated by the Court of Civil Appeals for the Second District, and thereafter the trial court, after proper notice, reappointed the same receiver. Later the order of the Court of Civil Appeals was set aside, and the proceeding transferred to the Seventh District, where, subsequently, the ex parte order was again vacat-

ed. Held, that the trial court had jurisdiction to make the second appointment, and might have made it even before the vacation of the original order by the Court of Civil Appeals for the Second District.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2208; Dec. Dig. § 448.*]

3. COURTS (§ 475*) — CONCURRENT JURISDICTION—RETENTION BY COURT FIRST ACQUIRING.

Where petitions for the appointment of a receiver of the same property of a railroad company were presented to two district judges, the one to whom it was first presented acquired jurisdiction over the subject-matter and the parties.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1229, 1247–1259, 2011; Dec. Dig. § 475.*]

Appeal from District Court, Fisher County; Jno. B. Thomas, Judge.

Action by A. E. Davis and others against W. A. Butts and others. From an interlocutory order appointing a receiver, defendants appeal. Affirmed.

K. R. Craig, of Dallas, and Payne & Davenport, of Ft. Worth, for appellants. L. B. Allen, M. A. Hopson, and L. H. McCrea, all of Roby, for appellees.

HALL, J. [1] This is an appeal from an interlocutory order appointing a receiver for the Estacado & Gulf Railroad Company, and appellants prosecute the appeal upon three assignments of error. The first is that the Honorable John B. Thomas, district judge, was disqualified, under the Constitution and laws of the state, from appointing said receiver by reason of his having been of counsel in the case prior to the time he became district judge. The evidence is that, either two or three years prior to the time of the appointment, the firm of which he was a member was consulted by some of the citizens of the town of McCauley (who had subscribed to the bonus for the construction of said road) with reference to their contract with appellant Butts. It appears that Butts had failed to comply with his contract in the construction of the road, and was insisting that the subscribers at McCauley pay the full amount of their subscriptions, and Judge Thomas and his partner were consulted as to the right of Butts to require the subscribers of McCauley to pay the full amount of their subscriptions at that particular time, under the terms of their contract. The suit, as originally instituted, was brought by the subscribers to the bonus of said railroad company residing at the town of Roby, and on September 5, 1911, appellant Butts and the railroad company sought to make the people of McCauley parties defendant to the suit. The suit, as originally instituted by the subscribers of the town of Roby, was to cancel and rescind the contract between them and Butts and the railroad company, as the assignee, and for the title and possession of the road, or, in the alternative, for a foreclosure

of the contract lien. By their said motion, filed on September 5th, and their cross-action, filed at said time, many new parties defendant were brought into the case; and it is apparent from the record before us that the issue about which Judge Thomas and his partner were consulted, long prior to the institution of the suit, is in no way involved in this action. The fact that the parties had previously obtained his advice, with reference to their liability upon the contract at that particular time, could in no way tend to disqualify him from passing upon the issues now being presented for his consideration, nor render his appointment of a receiver improper or void; and appellants' first assignment is overruled. Taylor v. Williams, 26 Tex. 583; King v. Sapp, 66 Tex. 519, 2 S. W. 573; Cullen v. Drane, 82 Tex. 484, 18 S. W. 590; Railway Company v. Ryan, 44 Tex. 426.

[2] Appellants' second assignment of error is: "It appears from the record that at the time the court appointed the receiver herein, viz., on the 11th day of November, 1911, the Honorable John B. Thomas of the district court of the Thirty-Ninth judicial district was without power to make such appointment; for there was then pending, and at this time is still pending, in the Court of Civil Appeals in the Seventh Supreme Judicial District of Texas, an appeal, taken by the defendants in this case from the appointment, made by the Honorable John B. Thomas, district judge, in the same cause and the same court on the 28th day of February, 1911, of the same J. Enche as receiver for the Estacado & Gulf Railroad Company, the said Judge John B. Thomas having, on the 28th day of February, 1911, appointed J. Enche receiver for the Estacado & Gulf Railroad Company on petition of the plaintiffs herein, the said petition being the same and in the same cause upon which the court acted on the 11th day of November, 1911, and from which action this appeal is taken, the defendants having taken and perfected an appeal therein, which appeal was, on the 11th day of November, 1911, still pending, and is yet pending, in the Court of Civil Appeals for the Seventh Supreme Judicial District of Texas." It is contended under this assignment that during the pendency of the appeal from the first appointment the trial judge erred in again appointing J. Enche receiver. The record discloses that the first appointment of Enche as receiver was without notice; and the Court of the Second Supreme Judicial District handed down an opinion, vacating the order of appointment and discharging the receiver; and subsequently, after the decision by the Supreme Court of Southern Pacific Co. v. Sorey, 140 S. W. 334, the order of said Court of Appeals was set aside, and, under the authority of the Sorey Case, the entire proceeding was transferred to this court. However, immediately upon the decision by the Second Court, vacating the order of the district court appointing the receiver, the honorable trial judge reappointed the said Enche receiver of the same property. This court has heretofore decided that the first appointment was invalid; and we have followed the decision of the Second Court of Civil Appeals in vacating the order and discharging the receiver under said first appointment. It is our opinion that this assignment is without merit. Plaintiffs had the right, even before the first appointment was declared a nullity, if they concluded it had been made improperly, to again present their petition to the district court, and, after proper notice, to have the appointment made in a regular proceeding.

[3] It appears from the record that the proceeding for the appointment of a receiver for the properties of appellant railway company had been filed in the Thirty-Ninth judicial district February 27, 1911, and that the petition of the appellants for the appointment of a receiver for the same property was not presented to the district judge of the Sixty-Eighth judicial district until the 6th day of July, 1911, by reason of which fact the district court of Fisher county (being a part of the Thirty-Ninth judicial district) had acquired jurisdiction over the subject-matter and the parties; and appellant's third assignment is therefore overruled. Waters-Pierce Oil Co. v. State, 47 Tex. Civ. App. 162, 103 S. W. 836.

Finding no reversible error in the record, the order of the district judge in appointing J. Enche receiver is affirmed.

PRESLER, J., not sitting.