STOCKWELL v. GLASPEY et al.

(Court of Civil Appeals of Texas. San Antonio. Nov. 19, 1913. Rehearing Denied Dec. 10, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS ACCOMPANYING ASSIGNMENTS.

References to the record do not constitute the statement following an assignment of error required by the rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. JUDGES (§ 47*)—DISQUALIFICATION—CONSTITUTIONAL AND STATUTORY PROVISIONS.

Under Const. art. 5, § 11, and Rev. Civ. St. 1911, art. 1675, both of which provide that no judge shall sit in any case wherein he is interested or where he shall have been of counsel in the case, a trial judge is not disqualified by his interest in the question involved, as distinguished from the result of the suit, or by

the fact that he has been of counsel between the parties in a different case.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 214–219, 222, 223; Dec. Dig. § 47.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OR ERROR — STATEMENT AND PROPOSITION — NECESSITY.

An assignment of error which is not followed by a statement or proposition will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 759*)—BRIEFS—NECESSITY OF COPYING ASSIGNMENTS OF ERROR.

Where assignments of error are not copied in appellant's brief but are merely referred to as contained in certain pages of the transcript, they will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS ACCOMPANYING ASSIGNMENTS.

A reference under an assignment of error to a statement of material facts proved in a different portion of the brief is not such a statement as is required by the rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error which are general and indefinite and are not made clear by propositions or statements will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Brazoria County; Louis J. Wilson, Special Judge.

Action by W. R. Stockwell against Charles Glaspey and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Elmer P. Stockwell, of Angleton, for appellant. Masterson & Rucks, of Angleton, and H. Grass, of Alvin, for appellees.

FLY, C. J. This is a suit instituted by appellant against 11 of the Glaspey family, two Mullens, and six Clines to enforce specific performance of an alleged contract to convey to him a tract of 100 acres of land out of the Francis Moore league in Brazoria county and in the alternative for $1,500 damages arising from the increased value of the land. Appellees answered by general and special demurrers and general denial. A trial by jury resulted in a verdict in favor of appellees under instructions by the court to return such verdict. Upon that verdict was rendered the judgment from which this appeal has been perfected.

[1, 2] The first assignment of error presents the question of the disqualification of the special judge to try the cause. The statement following the assignment is quite unsatisfactory and fails to indicate the matters disqualifying the trial judge. References to the record do not constitute the statement contemplated by the rules. However, the record fails to show that the judge was interested in the suit, or that he had been of counsel, or that he was connected with either of the parties by affinity or consanguinity within the third degree. These are the only causes which disqualify a trial judge under article 5, § 11, of the Constitution, and article 1675, Rev. Stats. 1911. Where the interest of the trial judge is simply in the question involved and not in the result of the suit, and even where he has been of counsel between the defendant and other plaintiffs in a different case, he is not disqualified. Taylor v. Williams, 26 Tex. 583; Railway v. Ryan, 44 Tex. 426; McFaddin v. Preston, 54 Tex. 403; King v. Sapp, 66 Tex. 519, 2 S. W. 573.

[3, 4] The fifth assignment of error is not followed by a statement or proposition and will not be considered. We cannot accede to the request to consider appellant's assignments from 5 to 23 which apply to errors in excluding evidence, although only the fifth is copied into the brief. It may be that, "because of such peremptory instruction and limited time and space, such assignments are not copied but referred to as contained in 47 to 51 of transcript," as stated in the brief, but this court cannot take upon itself the burdens which must be borne by those engaged in litigation.

[5] The twenty-third assignment of error is overruled. It is not followed by such a statement as is contemplated by the rules. It refers to a "statement of material facts proven on pages of this brief." The evidence, however, fails to show that appellees ever agreed in writing to sell the land in controversy to appellant or Pickert, or that either accepted any offer made in connection with it. No contract of sale was ever signed by appellees. The sale, if made, was conditioned on its approval by a court. The evidence failed to show a sale by Pickert to appellant.

[6] The sixth, seventh, eighth, ninth, and tenth assignments of error are too general and indefinite to be considered. They are not made clear by propositions or statements.

The judgment is affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes