## RUTH v. CARTER–KELLY LUMBER CO.
(No. 1339.)

(Court of Civil Appeals of Texas. Beaumont. June 29, 1926.)

Judges ⬅➡47(1)—Judge, even if of counsel in case concerning disputed boundary, was not thereby disqualified in subsequent case involving different parties and different land.

Although judge was of counsel in case involving disputed boundary line, where matter in controversy in second case was over entirely different land from that concerned in first case, and parties to suits were not same, he was not disqualified.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

On motions for rehearing and to disqualify one judge. Motions denied.

For former opinion, see 286 S. W. 322.

Tom F. Coleman, of Lufkin, for appellant.

Mantooth & Denman, of Lufkin, for appellee.

O'QUINN, J. Appellant has filed a motion for rehearing, urging the same matters as on original hearing, and also presents a motion to disqualify Associate Justice O'Quinn, the writer of the opinion on original hearing, on the ground that he was of counsel for appellant in the case of Wm. Cameron & Co. v. Aldridge et al., alluded to in our original opinion, insisting that the subject-matter in Cameron v. Aldridge and the instant case, if not technically, was at least, in substance, the same. The writer has no recollection of having taken any part in the trial of the Cameron-Aldridge suit, but let it be conceded that he did take part in same as counsel for appellant, and that he made a speech to the jury, as stated by appellant.

The only question in Cameron & Co. v. Aldridge et al. was the true location of the west line of the Johnson survey. The Leonard survey, a junior survey to the Johnson, owned by appellant, was admittedly tied to the west line of the Johnson. Appellant there contended that his west line—the west line of the Leonard—was located, as called for in the Leonard field notes, on Shawnee creek, and it was there, as here, shown that the southwest and the northwest corners of the Leonard were found and established on and near said creek, as called for. Appellant in said suit contended that his north and south lines extended east from the northwest and southwest corners on Shawnee creek, the distance of 950.4 varas to the west line of the Johnson. Cameron & Co. contended that the west line of the Johnson was 210 varas further west than was claimed by appellant, and that appellant was claiming a strip of land 210 varas wide on the Johnson. This 210-vara strip was the only contention. The jury found with the Cameron & Co. contention as to the true location of the west line of the Johnson. Appellant there testified that he had never claimed any land west of his west line on Shawnee creek.

It is plain that the land there in controversy was the 210-vara strip caused by the overlapping of the east of the Leonard onto the west of the Johnson. The matter in controversy here is the true location of section 9, Texas & New Orleans Railway survey, which calls to tie onto the west line of the Leonard, and the bone of contention is a 210-vara strip on the west of the Shawnee creek-Leonard west line. So it appears that the contest is over entirely different land from that involved in the Cameron-Aldridge suit. The matter in controversy is not the same. The suits are different, and the parties are not the same. There is no contention that the writer has ever been of counsel in the suit at bar. Under these facts, no disqualification is shown. Taylor v. Williams, 26 Tex. 583; Glasscock v. Hughes, 55 Tex. 461; King v. Sapp, 66 Tex. 519, 2 S. W. 573; Cullen v. Drane & Son, 82 Tex. 484, 18 S. W. 590; Galveston & H. Investment Co. v. Grymes, 94 Tex. 609, 618, 63 S. W. 860, 64 S. W. 778; City of Austin v. Cahill, 99 Tex. 172, 201, 88 S. W. 542, 89 S. W. 552; Waters-Pierce Oil Co. v. Cook, 6 Tex. Civ. App. 573, 26 S. W. 96; Stockwell v. Glaspey (Tex. Civ. App.) 160 S. W. 1151.

The motions are overruled.