**John LADE, Appellant,**

v.

**Elizabeth KELLER, Administratrix of the Estate of Arthur Richardson, Deceased, Appellee.**

**No. 1400.**

Court of Civil Appeals of Texas, Tyler.

April 23, 1981.

Rehearing Denied May 21, 1981.

William M. House, Jr., Palestine, for appellant.

William Pemberton, Crockett, for appellee.

MOORE, Justice.

This is an appeal from an order denying probate of a holographic will allegedly executed by Arthur Richardson, deceased. The will, in which Mamie Wright was named as the sole devisee, was offered for probate by Proponent, John Lade, on May 18, 1979. Contestant, Elizabeth Richardson Keller, who had previously been appointed administratrix of the estate of Arthur Richardson, deceased, answered with a general denial and specially denied that the alleged holographic will was written and executed by the deceased. In the alternative she alleged that the decedent lacked testamentary capacity to execute the will. Trial was before a jury. In response to the special issues the jury found that the will was not wholly in the handwriting of the decedent Arthur Richardson. As a result of this finding, the jury did not reach the issue as to whether the decedent lacked testamentary capacity. Pursuant to the jury's verdict, the trial court entered an order denying the proffered instrument to probate and entered a take-nothing judgment against Proponent, John Lade, from which he perfected this appeal. The parties will hereinafter be referred to as "Proponent" and "Contestant."

We affirm.

Under his first point of error Proponent asserts that the trial court committed reversible error in overruling his objection to a question propounded to his attorney, Chester Hines, Esq., inquiring as to whether the witness Hines represented the Proponent, John Lade, in a pending criminal case.

At the trial Proponent was represented by two attorneys, Greg Owens and Chester Hines. Proponent's counsel called Chester Hines as a witness. On direct examination he testified that he knew Arthur Richardson, the testator, and was of the opinion that he was of sound mind and had testamentary capacity. On cross-examination, counsel for Contestant propounded the following question to which the following objection was made.

Q. Do you presently represent John Lade in a criminal case?

BY MR. OWENS: Your Honor, I am going to object to the materiality of that and ask that it be stricken from Record.

BY MR. PEMBERTON: We are entitled to show the bias of the witness.

BY MR. OWENS: Your Honor, this is an inquiry into a client-attorney privilege. Number two, it's immaterial.

BY MR. PEMBERTON: Not the fact that—The relationship is not privileged and we are entitled to

show it and to show the interest of the witness.

BY MR. OWENS: The same objection.

BY THE COURT: Overruled.

A. Yes.

Proponent, John Lade, did not testify as a witness in the case. On appeal proponent argues that the question propounded to Mr. Hines inquiring as to whether he presently represented the Proponent in a criminal case constituted an attempt to impeach the character of the Proponent by showing there was some criminal charge pending against him. He argues that such was so highly prejudicial as to far out-weigh any probative value relating to the bias or interest of the witness flowing from the attorney-client relationship and was calculated to cause and probably did cause the rendition of an improper judgment. We are not in accord with this proposition.

█ On cross-examination of an adverse witness, anything may be shown which might affect the witness credibility such as bias, interest or prejudice and a wide latitude is allowed in such matters. *Hammond v. Stricklen*, 498 S.W.2d 356, 362 (Tex.Civ. App.-Tyler 1973, writ ref'd n.r.e.); *Walker v. Missouri Pacific Railroad Co.*, 425 S.W.2d 462 (Tex.Civ.App.-Houston [14th Dist.] 1968, writ ref'd n.r.e.); McCormick & Ray, Texas Law of Evidence sec. 676. In the present case counsel for contestant obviously had a right to show that the witness was presently representing Proponent in another case other than the one on trial because such testimony would tend to show bias or interest.

█ On the other hand, the rule is well settled in civil suits, evidence as to the character of a party to the suit is not admissible except where it is directly on the issue, and when from the nature of the issue said evidence is of special importance. Whether the act charged or complained of be indictable or not is not material. *Grant*

*v. Pendley*, 39 S.W.2d 596 (Tex.Comm'n App. 1931, holding approved); 2 Texas Practice, Evidence sec. 1495. Under the facts in the present case, we are of the opinion that, upon proper objection, that portion of the testimony tending to establish that the Proponent presently was charged in a criminal case would not be admissible especially since the proponent did not testify and no issue was presented as to his credibility. This brings us to the question of whether the objection leveled at the testimony was sufficient to preserve error.

While counsel for Proponent objected to the testimony on the ground that it involved a client-attorney relationship and was privileged, no such contention has been made on appeal and hence any complaint in this regard is waived. Thus, the sole objection to the testimony is that it was immaterial.

█ Where the question propounded calls for an answer which is partly admissible and partly inadmissible, as in the present case, the objecting party must point out and distinguish the admissible from the inadmissible and direct his objection specifically to that point which is inadmissible. *Ramirez v. Wood*, 577 S.W.2d 278 (Tex.Civ. App.-Corpus Christi 1978, no writ); 56 Tex. Jur.2d Trial sec. 165, p. 510.

█ A general objection that the matter is immaterial is not sufficient. *Peerless Oil and Gas Co. v. Teas*, 138 Tex. 301, 158 S.W.2d 758 (1942); *McEwen v. Texas & P. Ry. Co.*, 92 S.W.2d 308 (Tex.Civ.App.-Eastland 1936, no writ).

█ The gist of the complaint against the introduction of the evidence as set forth in Proponent's brief is that it was prejudicial. At no time did counsel for Proponent make it known to the court that he was objecting to the question on the ground that it was prejudicial. An objection which does not state the reason for the rejection of the testimony will not be considered on

appeal, if, under any contingency, the evidence offered would be properly admitted. In the present case, the fact that the witness represented the proponent as an attorney in another case other than the one on trial, was admissible to show bias or interest on the part of the witness. Proponent's first point is overruled.

Under his second point Proponent contends for the first time on appeal that the judgment is void because the judge who tried the case was disqualified. In this connection Proponent argues that the judge had an interest in the case and also had been counsel in the case and was therefore disqualified by virtue of Article V, section 11 of the Constitution of Texas, Tex.Const. Art. V. § 11. We find no merit in this contention and the point is therefore overruled.

The case was tried in the County Court at Law of Houston County before Hon. Eugene M. McElyea on November 8, 1979. During the trial counsel for Proponent called the judge as a witness. He testified that on June 15, 1977, Proponent John Lade, the decedent, Arthur Richardson and Mamie Wright, the alleged devisee, appeared at his law offices and requested him to prepare a promissory note payable to John Lade in the amount of $3,280.00, and a deed of trust to secure payment of the note. He identified the signature on both instruments as being that of Arthur Richardson. He further testified that he talked with the parties on two occasions before preparing the instrument and that in his opinion that Arthur Richardson knew and understood the consequences of his acts and appeared to be normal. The deed of trust shows that Eugene M. McElyea was named as trustee. While these instruments were executed by Arthur Richardson about seven days before he allegedly executed the holographic will in question, there is no evidence that Judge McElyea was consulted about the will or had anything whatsoever to do with it.

Contrary to Proponent's contention we do not believe that the fact that the trial judge was appointed trustee in the deed of trust constitutes any evidence that he had a pecuniary interest in the present action seeking to probate the will. In our view the two transactions are entirely separate and distinct.

■ The interest required for disqualification of a judge is one of pecuniary nature at the time of suit. A pecuniary interest sufficient to disqualify a judge from sitting in a case must be a direct, real and certain interest in the subject matter of that case. *Narro Warehouse, Inc. v. Kelly*, 530 S.W.2d 146 (Tex.Civ.App.-Corpus Christi 1975, writ ref'd n.r.e.). Upon applying the foregoing rules of law to the facts of the present case, we fail to see how the judge's services as a trustee under the deed of trust would be calculated to cause him to have a pecuniary interest in the present suit to probate the will.

■ In order for a trial judge to come within the constitutional and statutory prohibitions against sitting as judge in a case in which he had been counsel, it is necessary that the judge acted as counsel for some of the parties in suit before him in some proceeding in which the issues were the same as in the case before him. *City of Austin v. Cahill*, 99 Tex. 172, 88 S.W. 542. Motion for Rehearing overruled, 89 S.W. 552; *Matlock v. Sanders*, 273 S.W.2d 956, 958 (Tex. Civ.App.-Beaumont 1954, no writ); *Ruth v. Carter-Kelly Lumber Co.*, 286 S.W. 905 (Tex.Civ.App.-Beaumont 1926, no writ); *Stockwell v. Glaspey*, 160 S.W. 1151 (Tex. Civ.App.-San Antonio 1913, no writ); *Butts v. Davis*, 149 S.W. 741 (Tex.Civ.App.-Amarillo 1912, no writ). The fact that the judge in the instant case had previously performed legal services for the parties in a routine real estate transaction does not, in our opinion, constitute any proof that he was interested in the pending suit.

By the third and final point Proponent maintains that the trial court erred in refusing to grant a new trial. The complaint here is based upon the action of the trial

court in refusing to grant Proponent's motion for mistrial on the ground of jury misconduct.

The record reveals that after verdict but before the entry of judgment, a hearing was held at which the Proponent called three jurors as witnesses for the purpose of showing jury misconduct. Although the record does not contain Proponent's motion for mistrial, the trial judge announced at the conclusion of the hearing that the motion for mistrial was overruled and that he was going to enter judgment. While this is not a conventional motion for new trial as provided for by Rule 327, Tex.R.Civ.P., we will treat it as such since the trial court elected to conduct a hearing for the purpose of determining the issue of jury misconduct.

Proponent contends first that jury misconduct was shown because two jurors testified that C.R. Scott, the jury foreman, indicated that he had a poor opinion of John Lade's reputation. Mr. Scott denied that he had made such a statement. Thus the testimony is conflicting.

No findings of fact or conclusions of law were requested or filed concerning the alleged jury misconduct. Under these circumstances it must be presumed on appeal that the trial court found all controverted issues of fact in support of the court's ruling and that no misconduct occurred. *Brawley v. Bowen*, 387 S.W.2d 383 (Tex.1965). Inasmuch as the testimony in the present case is conflicting on the ground of jury misconduct urged by Proponent, the trial court's implied finding that jury misconduct did not occur is binding on this court. *Brawley v. Bowen*, supra; *Barrington v. Duncan*, 140 Tex. 510, 169 S.W.2d 462 (1943).

The judgment of the trial court is affirmed.