

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 7, 1993

Mr. Jack W. Garison
Executive Director
Texas Department of Licensing
and Regulation
P.O. Box 12157
Austin, Texas 78711

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. DM-259

Re: Whether a member of an appraisal review board may appear before the board either in a capacity as a court-appointed receiver or a registered property tax consultant without violating conflict-of-interest laws and related questions (RQ-507, ID# 18811)

Dear Mr. Garison and Mr. Driscoll:

Each of you has asked us to determine whether a member of an appraisal review board or an appraisal district board may perform certain professional services. Mr. Driscoll asks whether a member of an appraisal review board may represent a taxpayer in connection with the valuation of a certain tract or parcel of land in the board member's capacity as a court-appointed receiver of the same tract or parcel of land. Mr. Garison asks whether an appraisal review board member may perform property tax consulting services, in the same or a different appraisal district, without violating conflict-of-interest laws. Mr. Garison also asks whether an appraisal district board member may perform property tax consulting services, either in the same or a different appraisal district.

An appraisal review board generally consists of three members, Tax Code § 6.41(b), who meet to examine and approve appraisal records that the chief appraiser has submitted to the appraisal review board. *Id.* §§ 6.42(b), 41.01. Section 41.41 of the Tax Code provides a property owner with a right to protest several kinds of actions before an appraisal review board:

> (1) determination of the appraised value of the owner's property or, in the case of land appraised as provided by Subchapter C, D, or E, Chapter 23, determination of its appraised or market value;
>
> (2) unequal appraisal of the owner's property;
>
> (3) inclusion of the owner's property on the appraisal records;
>
> (4) denial to the property owner in whole or in part of a partial exemption;

(5) determination that the owner's land does not qualify for appraisal as provided by Subchapter C, D, or E, Chapter 23;

(6) identification of the taxing units in which the owner's property is taxable in the case of the appraisal district's appraisal roll;

(7) determination that the property owner is the owner of property;

(8) a determination that a change in use of land appraised under Subchapter C, D, or E, Chapter 23, has occurred; or

(9) any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner.

*See also id.* §§ 41.411, 41.42, 41.43. Following notice and a hearing, *see id.* §§ 41.45, 41.46, 41.461, the appraisal review board must determine the protest and, if necessary, correct the appraisal records to conform with its determination. *See id.* § 41.47(b).

Mr. Driscoll asks about the propriety of an appraisal review board member representing a taxpayer in a capacity as the court-appointed receiver of the taxpayer's property, which lies in the appraisal review board's jurisdiction. In his brief, Mr. Driscoll explains:

A receiver holds property for the benefit of the owner and the receiver's actions are generally in accordance with the best interests of the property owner. The receiver is also entitled to reasonable compensation for his services as receiver. . . .

In the situation at hand, the member had been appointed receiver by the judge of the 247th District Court of Harris County, Texas[,] in 1984. The judge of the 247th ordered that the receiver sell the property using "prudent real estate practices" and that the proceeds be distributed between the husband and wife.

Subsequently, the receiver was appointed to serve on the Harris County Appraisal Review Board in 1989 and again in 1991. . . .

On December 9, 1992[,] the property owner notified the appraisal district that the review board member would be handling [a] protest and withdrew his approval of the 1992 market value which had previously been settled with a district appraiser. [Footnote omitted.]

Mr. Driscoll particularly asks about the applicability of section 6.412(a) of the Tax Code and section 36.08 of the Penal Code. Under section 6.412(a) of the Tax Code, an individual is ineligible for service on an appraisal review board if the individual is "related within the second degree by consanguinity or affinity, as determined under Article 5996h, Revised Statutes,[1] to an individual who is engaged in the business . . . of representing property owners for compensation in proceedings under this title in the appraisal district for which the appraisal review board is established." (Footnote added.) The legislature enacted section 6.412(a) in 1989, see Acts 1989, 71st Leg., ch. 796, § 12, at 3595, and amended the subsection in 1991 by adding the language "as determined under Article 5996h, Revised Statutes," see Acts 1991, 72d Leg., ch. 561, § 45, at 1988.

Former article 5596h, V.T.C.S., see supra note 1, which the legislature also enacted in 1991 by the passage of House Bill 1345, see Acts 1991, 72d Leg., ch. 561, § 1, at 1979-80--the same bill that amended section 6.412(a) of the Tax Code--provides that relationships by consanguinity or affinity must be determined using the civil law method. See Gov't Code § 573.021. The Government Code provides for the calculation of degree of relationship as follows:

> Sec. 573.022. (a) DETERMINATION OF CONSANGUIN-ITY. Two individuals are related to each other by consanguinity if:
>
> (1) one is a descendant of the other; or
>
> (2) if they share a common ancestor.
>
> . . . .
>
> Sec. 573.023. (a) COMPUTATION OF DEGREE OF CON-SANGUINITY. The degree of relationship by consanguinity between an individual and the individual's descendant is determined by the number of generations that separate them. A parent and child are related in the first degree, a grandparent and grandchild in the second degree, a great-grandparent and great-grandchild in the third degree and so on.
>
> . . . .
>
> Sec. 573.024. (a) DETERMINATION OF AFFINITY. Two individuals are related to each other by affinity if:
>
> (1) they are married to each other; or

---

[1] In 1993 the Seventy-third Legislature repealed V.T.C.S. article 5996h. See Acts 1993, 73d Leg., ch. 268. The material in that article was codified as chapter 573 of the Government Code.

(2) the spouse of one of the individuals is related by consanguinity to the other individual.

By definition, the determination of degree of a relationship by consanguinity or by affinity assumes a relationship between *two persons*. Thus, for purposes of calculating the degree of a relationship by consanguinity or by affinity, a person may not be related to himself or herself. We do not believe the legislature envisioned that section 6.412(a) of the Tax Code would apply to a situation in which a member of the appraisal review board is the "individual who is engaged in the business . . . of representing property owners for compensation in proceedings under this title in the appraisal district for which the appraisal review board is established." *See also infra* note 11 and accompanying text (describing legislative history of Tax Code section 6.035(a)). In our opinion, therefore, section 6.412(a) of the Tax Code is inapplicable to the situation before us here.[2]

Additionally, section 36.08 of the Penal Code is inapplicable. Section 36.08 prohibits *gifts* to public servants in certain circumstances; it does not prohibit a public servant from receiving adequate compensation for services the individual performed in an unofficial capacity. *See* Penal Code §§ 36.08, 36.10(a)(1). *See generally* Attorney General Opinion H-551 (1975).

We believe that section 41.69 of the Tax Code governs this situation. Section 41.69 precludes a member of an appraisal review board from participating in the determination of certain taxpayer protests:

A member of the appraisal review board may not participate in the determination of a taxpayer protest in which he is interested or in which he is related to a party by affinity within the second degree or by consanguinity within the third degree, as determined under Article 5996h, Revised Statutes.[3] [Footnote added.]

The legislature added section 41.69 to the Tax Code in 1979. *See* Acts 1979, 66th Leg., ch. 841, § 1, at 2309.

To fully answer your question, we must deduce the meaning the legislature intended when it used the word "interested" in section 41.69 of the Tax Code.

---

[2]Section 41.69 of the Tax Code prohibits a member of an appraisal review board from participating in the determination of a taxpayer protest in which the member personally is interested or in which the member is related within a prohibited degree to a party involved in the protest. *See infra* (quoting Tax Code section 41.69). Clearly, if the legislature wanted to write section 6.412(a) to apply to a situation in which the appraisal review board member was personally involved, as well as a situation in which the member was related to an individual representing property owners before the appraisal review board, the legislature could have done so.

[3]*See supra* note 1.

Unfortunately, we found no legislative history indicating the kinds of situations in which the legislature envisioned that an appraisal review board member might have an interest in a taxpayer protest. We look, therefore, to similar constitutional and statutory provisions in existence in 1979, of which we presume the legislature was aware. *See* Attorney General Opinion V-1215 (1951) at 2.

The majority of the provisions we examined, however, modify the word "interest" in such a way as to affect the interpretation of the provision. *See, e.g.,* Tex. Const. art. III, § 18 (prohibiting legislator from being "interested, either directly or indirectly" in certain contracts with state), art. III, § 22 (requiring legislator with "personal or private interest" in proposed legislation to disclose interest and refrain from voting on proposal); Gov't Code § 573.058(a) (requiring state board or commission member with "personal or private interest" in matter before board to disclose interest and to refrain from voting on matter); Local Gov't Code § 81.002 (requiring newly appointed county judge or county commissioner to affirm that he or she "will not be interested, directly or indirectly" in contract with or claim against county). We found one provision, article V, section 11 of the Texas Constitution, that uses the word "interest" without any attendant modifiers, and we believe this provision and the judicial interpretation of this provision are instructive for our purposes here.

Article V, section 11 forbids a judge from sitting in any case in which the judge "may be interested, . . . or when he shall have been counsel in the case," among other things. "Interest" has been construed to refer to a direct personal or pecuniary interest in the case. *See* Tex. Const. art. V, § 11 interp. commentary; *City of Oak Cliff v. State,* 79 S.W. 1068, 1069 (Tex. 1904) (and cases cited therein); Attorney General Opinion DM-109 (1992) at 3-4 (and cases cited therein). We accordingly interpret section 41.69 of the Tax Code to apply whenever a member of an appraisal review board has a direct personal or pecuniary interest in the determination of a taxpayer protest before the appraisal review board. In our opinion, a member of an appraisal review board who, as a paid, court-appointed receiver, is representing a taxpayer in a protest before the appraisal review board has, as a matter of law, a direct personal or pecuniary interest in the result.[4] Section 41.69 of the Tax Code accordingly precludes the member's participation in the appraisal review board's determination of the protest.

---

[4]Although article V, section 11 of the Texas Constitution disqualifies a judge when "he shall have been counsel in the case," in addition to when he "may be interested" in the case, the absence of similar language in section 41.69 of the Tax Code does not prevent us from reaching this conclusion. We do not believe that, absent the constitutional prohibition, a judge would be qualified to sit in a case in which the judge had represented or was representing one of the parties as counsel. *But see Taylor v. Williams,* 26 Tex. 583, 585-86 (1863) (stating that, under common law, judge was not disqualified from sitting in cause in which he had been of counsel), *overruled on other grounds, McCloud v. Harris,* 582 S.W.2d 772 (Tex. 1979).

We note that chapter 171 of the Local Government Code also may apply in this situation. Chapter 171 of the Local Government Code, which regulates conflicts of interest of local public officials[5] including a member of an appraisal review board, requires a local public official, prior to a vote or decision on any matter involving a business entity or real property in which the official has a substantial interest, to disclose the nature and extent of the interest. Local Gov't Code § 171.004(a); *see* 35 D. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 18.37, at 632-33 (Texas Practice 1989). In certain specified circumstances, the official also must abstain from further participation in the matter.[6] *Id.* Chapter 171 of the Local Government Code expressly preempts common-law conflict-of-interest rules as they apply to local public officials. Local Gov't Code § 171.007(a); *see also* Attorney General Opinions JM-1187 (1990) at 4; JM-424 (1986) at 4.

Under chapter 171 of the Local Government Code, an official has a substantial interest in a business entity if

> (1) the person owns 10 percent or more of the voting stock or shares of the business entity or owns either 10 percent or more or $5,000 or more of the fair market value of the business entity; or

> (2) funds received by the person from the business entity exceed 10 percent of the person's gross income for the previous year.

Local Gov't Code § 171.002(a); *see also* Attorney General Opinion JM-1187 at 2-3. Notably, section 171.004(a) of the Local Government Code applies to any local public official who has a substantial interest in a business entity or real property that is involved in a matter before the governmental body. On the other hand, section 41.69 of the Tax Code applies only to members of an appraisal review board, but it applies to a taxpayer protest in which a member has a direct personal or pecuniary interest, regardless of the quantity of the interest. Thus, if a member of an appraisal review board is interested in a particular taxpayer protest before the board but that interest is not a "substantial interest"

---

[5]Section 171.001(1) of the Local Government Code defines "local public official" as "a member of the governing body or another officer, whether elected, appointed, paid, or unpaid, of any district . . . who exercises responsibilities beyond those that are advisory in nature."

[6]Section 171.004(a)(1) requires a local public official to abstain from participation in a matter before the governmental body of which the official is a member if the official has a substantial interest in a business entity, and "action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public." *See infra* (defining "substantial interest"). Similarly, section 171.004(a)(2) requires a local public official to abstain from participation in a matter before the governmental body of which the official is a member if the official has a substantial interest in real property, and "it is reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public." *Id.* (same).

Failure to comply with the requirements section 171.004 articulates may constitute a class A misdemeanor. Local Gov't Code § 171.003.

within the context of chapter 171 of the Local Government Code, section 171.004(a) authorizes the member to participate in the determination of the protest, while section 41.69 of the Tax Code prohibits the member's participation. Additionally, even if the member has a substantial interest, section 171.004(c) may authorize the member to participate after disclosing the nature and extent of the interest, while, again, section 41.69 of the Tax Code prohibits the member's participation. To the extent of any conflict between section 171.004(a) of the Local Government Code as it applies to a member of an appraisal review board and section 41.69 of the Tax Code, section 41.69 prevails because it applies specifically to members of an appraisal review board. *See* 67 TEX. JUR. 3d *Statutes* § 126, at 719-24 (explaining that if general provision of statute irreconcilably conflicts with special or local provision, special or local provision generally prevails); *id.* § 136, at 752 (stating that if general statute and more detailed enactment conflict, latter generally prevails).

Mr. Garison's questions involve a registered property tax consultant. Article 8886, section 2(d)(7), V.T.C.S., authorizes a registered property tax consultant to perform or supervise the performance of the following services:

(A) preparing a property tax rendition or report for another person under Chapter 22, Tax Code;

(B) representing another person in a protest under Subchapter C, Chapter 41, Tax Code;

(C) consulting or advising another person concerning the preparation of a property tax rendition or report under Chapter 22, Tax Code, or concerning a matter the person may protest under Subchapter C, Chapter 41, Tax Code;

(D) negotiating or entering into an agreement with an appraisal district on behalf of another person concerning a matter that is or may be the subject of a protest under Subchapter C, Chapter 41, Tax Code; or

(E) acting as the designated agent of a property owner in accordance with Section 1.111, Tax Code.[7]

V.T.C.S. art. 8886, § 1(a)(7) (footnote added; footnote deleted). An appraisal review board hears matters protested under subchapter C, chapter 41 of the Tax Code. *See id.* § 1(a)(7)(C). Thus, a property tax consultant will have occasion to represent taxpayers before an appraisal review board.

---

[7]Section 1.111 of the Tax Code authorizes a property owner to designate a person to act as the owner's agent for any purpose under title 1 of the Tax Code (chapters 1-43) in connection with the property or property owner and provides the method by which a property owner may so designate.

Initially, Mr. Garison asks whether a registered property tax consultant may serve as a member of an appraisal review board.[8] We are unaware of any statutory or common-law provision that prohibits a registered property tax consultant from serving as a member of an appraisal review board. Of course, section 41.69 of the Tax Code limits a member's participation in a taxpayer protest in which the member has a direct personal or pecuniary interest. In our opinion, a member of an appraisal review board who performs property tax consulting services in a taxpayer protest that is before the appraisal review board has, as a matter of law, a direct personal or pecuniary interest in the outcome of the matter. Accordingly, section 41.69 of the Tax Code prohibits the member's participation in the determination of the protest.[9] Neither section 41.69 nor any other law of which we are aware limits a member of an appraisal review board from performing property tax consulting services before an appraisal review board of another district, however.

Mr. Garison also asks whether a registered property tax consultant may serve as a member of an appraisal district board, and conversely, whether a member of an appraisal district board may perform property tax consulting services, in the same or a different appraisal district, without violating conflict-of-interest laws.[10] Section 6.01(a), (b) of the Tax Code establishes in each county an appraisal district, which has the responsibility of appraising property in the district for *ad valorem* tax purposes of the taxing units in the appraisal district. *See* Tax Code § 1.04(12) (defining "taxing unit"); *see also* Attorney General Opinion JM-1060 (1989) at 1. A five-member board of directors governs each appraisal district. Tax Code § 6.03(a); *see also* Attorney General Opinion JM-1060 at 1. The duties of the appraisal district board are largely administrative; for example, the appraisal district board must appoint a chief appraiser, who serves as the chief administrator of the appraisal office, Tax Code § 6.05(c), and approve an annual budget for the appraisal district, *id.* § 6.06. Members of the public may comment on any issue

---

[8]As we consider all of Mr. Garison's questions, we are aware that article 8886, section 6(a), V.T.C.S., requires the commissioner of licensing and regulation to "establish standards of practice, conduct, and ethics" for registered property tax consultants. Title 16, section 66.20(f) of the Texas Administrative Code articulates the code of ethics to which each registered property tax consultant must submit. The code of ethics currently contains no provisions that apply to any of the situations about which Mr. Garison asks. In our opinion, however, article 8886, section 6(a), V.T.C.S., authorizes the commissioner to promulgate such provisions.

[9]For the reasons stated above, we do not consider the applicability of chapter 171 of the Local Government Code. *See supra* notes 5, 6 and accompanying text (discussing chapter 171 and comparing Government Code section 171.004(a) with Tax Code section 41.69).

[10]Additionally, Mr. Garison asks whether the state ethics law, Government Code chapter 572, formerly V.T.C.S. article 6252-9b, Acts 1993, 73d Leg., ch. 268, § 1, 46, prohibits a member of either an appraisal district board or an appraisal review board from performing property tax consulting services in the same or a different district, or conversely, a registered property tax consultant from serving on either board. The state ethics law applies only to state officers and state employee *see* Gov't Code § 572.001 (formerly V.T.C.S. art. 6252-9b, § 1); it does not apply, therefore, to a member of an appraisal district board or appraisal review board.

within an appraisal district board's jurisdiction, *see id.* § 6.04(d), and may file complaints with the board, *see id.* § 6.04(f), (g). Because a registered property tax consultant is authorized to represent a property owner for any purpose under title 1 of the Tax Code *see* V.T.C.S. art. 8886, § 1(a)(7)(E); Tax Code § 1.111(a), a property tax consultant may have occasion to represent a property owner before an appraisal district board.

We find no conflict-of-interest law that prohibits a registered property tax consultant from serving as a member of an appraisal district board. Regarding the propriety of an appraisal district board member performing property tax consulting services either in the same or a different appraisal district, we note initially that section 6.035(a) of the Tax Code parallels section 6.412(a) by making ineligible for service on a appraisal district board an individual "related within the second degree by consanguinity or affinity, as determined under Article 5996h, Revised Statutes, to an individual who is engaged in the business . . . of representing property owners for compensation in proceedings under this title in the appraisal district." The legislature enacted section 6.035(a) by means of the same bill that enacted section 6.412(a). *See* Acts 1989, 71st Leg., ch. 796, § 4, at 3592. The legislature subsequently amended section 6.035(a) expressly to reference article 5996h, V.T.C.S., by means of the same bill similarly amending section 6.412(a). *See* Acts 1991, 72d Leg., ch. 561, § 43, at 1987. *But see supra* note 1. For the reasons discussed in connection with section 6.412(a), *see supra* notes 1-2 and accompanying text, we believe that section 6.035(a) does not apply to a situation in which a member of an appraisal district board is "an individual who is engaged in the business of appraising property for compensation for use in proceedings under this title or of representing property owners for compensation in proceedings under this title in the appraisal district."[11]

---

[11]We further note that House Bill 432, as introduced, did not propose to add section 6.035(a) to the Tax Code. However, House Bill 2495, which Representative Valigura authored and introduced, proposed to add section 6.035(a) to the Tax Code, using language substantially similar to the language added in the House Committee substitute and ultimately adopted in House Bill 432. Testifying before a subcommittee of the House Ways and Means Committee, Representative Valigura stated that his bill would prohibit an individual from serving as a board member or a chief appraiser if the individual is "related to someone in the appraisal business" in the county in which the board or chief appraiser has jurisdiction. Hearings on H.B. 2495 Before the House Subcomm. on Ways & Means, 71st Leg. (Apr. 3, 1989) (statement of Representative Valigura) (tape available from House Committee Services Office). Additionally, Representative Valigura recounted for the subcommittee the circumstances in Montgomery County, which evidently prompted him to introduce House Bill 2495. He stated that the Montgomery County chief appraiser was rumored to have relatives in the appraisal business, whose clients received preferential treatment. *Id.* One of the board members, "a . . . supporter of [Representative Valigura's]," also had a very good appraisal business. *Id.* Representative Valigura felt that no person coming before the appraisal district board for protest or for valuations should receive any type of preferential treatment. *Id.* We believe that Representative Valigura's testimony lends further support to our conclusion that section 6.035(a) of the Tax Code applies only to situations in which a relative of a board member is involved in the appraisal business; the legislature did not intend the subsection to apply in a situation in which the board member himself or herself is involved in the appraisal business.

We believe that chapter 171 of the Local Government Code governs the situation about which Mr. Garison asks.[12] Under chapter 171, a member of an appraisal district board must, prior to a vote or decision on any matter involving a business entity or real property in which the member has a substantial interest, disclose the nature and extent of the interest and possibly to abstain from further participation in the matter.[13] *See supra* notes 5, 6 and accompanying text (discussing chapter 171 and comparing Gov't Code § 171.004(a) with Tax Code § 41.69). However, whether, for purposes of chapter 171 of the Local Government Code, a member of an appraisal district board has a substantial interest in a business entity and therefore must comply with section 171.004(a) is a question involving the resolution of facts; such a question cannot be determined in the opinion process. On the other hand, we are unaware of any statute that limits a member of an appraisal district board from performing property tax consultant services before the appraisal district board of another district.

# S U M M A R Y

Pursuant to section 41.69 of the Tax Code, a member of an appraisal review board may not participate in the determination of a taxpayer protest before the appraisal review board in which the member, acting as a paid, court-appointed receiver of a tract of property in the appraisal district, represented a property owner because the member has, as a matter of law, a direct personal or pecuniary interest in the outcome of the protest. Similarly, section 41.69 of the Tax Code precludes a member of an appraisal review board from participating in the determination of a taxpayer protest if the member performed property tax consulting services in the protest

---

(footnote continued)

Representative Valigura's bill, House Bill 2495, was left pending before the subcommittee of the House Committee on Ways and Means. However, the House Committee on Ways and Means incorporated into its committee substitute for House Bill 432 substantially similar language to that House Bill 2495 proposed for the new section 6.035 of the Tax Code. Furthermore, the committee substitute proposed the addition of section 6.412(a) to the Tax Code, the language of which is substantially similar to the language of section 6.035(a). Representative Stiles, the author of House Bill 432, considered House Bill 432 to be "an omnibus bill that . . . will clean up the problems of administration and financing of appraisal districts in the state."

[12]Section 41.69 of the Tax Code does not apply here because that section applies to the members of an appraisal review board, not to the members of an appraisal district board.

[13]This office has stated that a member of an appraisal district board is a local public official for purposes of chapter 171 of the Local Government Code. *See* Attorney General Opinion JM-1187 (1990) at 2.

because the member therefore has a direct personal or pecuniary interest in the determination of the protest.

Section 171.004(a) of the Local Government Code requires a member of an appraisal district board who has performed property tax consulting services in a taxpayer protest before the appraisal district board to disclose the nature and extent of the member's interest, but only if the member has a substantial interest in a business entity or real property involved in the matter. The determination of whether an appraisal district board member has such a substantial interest involves the resolution of facts; it is therefore outside the scope of the opinion process.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General